**Sandra L. EAGLE, aka Sandra E. Caliendo, Plaintiff,**

v.

**Donald REGAN, Secretary of Treasury, Defendant.**

No. C83–1836.

United States District Court, N.D. Ohio, E.D.

July 23, 1984.

In light of our disposition below, there is no need for us to rule on this issue.

Michael B. Michelson, Frank P. Giaimo, Cleveland, Ohio, for plaintiff.

Alan J. Ross, Mary Lee Pilla, Asst. U.S. Attys., Cleveland, Ohio, for defendant.

## ORDER

BELL, District Judge.

Plaintiff filed the above-captioned case against defendant pursuant to Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. §§ 2000e–5 and 2000e–16. Her complaint includes five counts, two counts of sex discrimination and the remainder for retaliation claims constituting further acts of discrimination.

Currently before the court is defendant's motion for partial summary judgment to which plaintiff has responded in opposition. Defendant contends that he is entitled to partial summary judgment on counts one and two of the complaint because plaintiff failed to timely exhaust her administrative remedies and because overtime payments sought in the first count have now been paid which renders this claim for relief moot. Plaintiff contends, however, that summary judgment is not appropriate as to either claim.

■ Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the party moving for summary judgment has the burden of showing that no genuine issue of material fact exists and that as a matter of law it is entitled to summary judgment. In reviewing such a motion, a court must consider the pleadings, related documents and evidence and all reasonable inferences in a manner most favorable to the non-moving party. *Adickes v. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Smith v. Hudson*, 600 F.2d 60 (6th Cir. 1979), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979); *Board of Ed. Cincinnati v. Dept. of H.E.W.*, 532 F.2d 1070 (6th Cir.1976). A brief summary of the facts follows.

Plaintiff has been a special agent for the Bureau of Alcohol, Tobacco and Firearms (hereinafter BATF) since January 1, 1977. On November 1, 1979, plaintiff notified the Special Agent in Charge (hereinafter SAC) of the Cleveland Office, David Edminston, that she was pregnant. Plaintiff was transferred from one working group to another on December 3, 1979, and met with her new Group Supervisor, Stephen C. Wells, regarding her assignment and duties. At this meeting, plaintiff claims that she was told that she would not be assigned any cases as a case agent because of her pregnancy. For the purpose of this motion, defendant does not dispute this fact.

On December 13, 1979, plaintiff met with Group Supervisor Wells, SAC Francis S. Kenney and Assistant SAC Dan Conroy to discuss her pregnancy. She was told that she would be treated as if she were experiencing any other type of physical disability of similar severity. A copy of the guide-

lines pertaining to pregnancy from the Federal Personnel Manual was provided to her. Next, she was told that she would have to obtain a statement from her doctor indicating when her physical condition would require that she be placed on limited duty. Finally, Mr. Kenney said that she would be given an assignment to do while she was on limited duty, but that during this period, she would not receive Administratively Uncontrollable Overtime (hereinafter AUO) pay [1] and would have to give up use of her government automobile.

Plaintiff began limited duty on April 5, 1980. Her AUO pay was stopped thereafter and she gave up her government automobile. These benefits were not restored until August 18, 1980 when she returned after maternity leave. Plaintiff had requested on April 2, 1980 that AUO pay be reactivated when she started her maternity leave on July 2, 1980. This request was refused. During her administrative appeal of this matter, it was decided that AUO pay had been mistakenly terminated and reimbursement should be made. Plaintiff received a check from the government but has not received an accounting to verify the amount paid.

Plaintiff contends in her first count that she was discriminated against on the basis of her sex when her AUO pay and government automobile were taken from her. Several incidents are cited by her of agents on temporary disability for reasons other than pregnancy who received AUO pay and retained government automobiles even though their disabilities prevented the agents from performing their full range of duties.

The second count of plaintiff's complaint relates to these same facts and their effect on BATF's subsequent refusal to promote her in January, 1981. At the meeting of December 3, 1979, previously discussed, plaintiff was informed by Group Supervisor Wells that she would not be assigned any

investigations as a case agent during her pregnancy. Plaintiff was promoted to grade GS–11 effective February 1, 1980. The recommendation for her promotion to grade GS–12, however, was returned on January 12, 1981. The reasons given for its return were first, that effective December 1, 1980, the Investigative Analysis System which was the vehicle for promotion until that time was discontinued. Promotions were thereafter in limbo until new guidelines were issued on September 8, 1981. Second, her recommendation for promotion was returned for the reason that it did not support a finding that she had performed a sufficient number of hours of grade GS–12 level work to warrant promotion to that grade.

Plaintiff relies on the second reason as the basis for her charge of discrimination on the theory that had she been assigned more cases, she would have worked enough hours at the grade GS–12 level to warrant a promotion.

Plaintiff contacted Equal Employment Opportunity (hereinafter EEO) Counselor, Michelle Comer, about her discrimination claim on January 20, 1981. Informal negotiations between Ms. Comer and defendant were thereafter undertaken but did not resolve the matter. Plaintiff filed a formal complaint on February 27, 1981 encompassing the allegations contained in the first two claims for relief in her complaint. The date of the most recent alleged discriminatory act was listed as January 12, 1981.

The BATF's EEO officer issued a proposed disposition of plaintiff's complaint on March 25, 1983. Plaintiff timely filed this action within thirty days of receipt of that decision.

■ The first basis raised by defendant in support of its motion for summary judgment is that plaintiff has failed to timely exhaust her administrative remedies which precludes this court from entertaining her claims because of the lack of subject mat-

---

1. AUO pay is premium pay received automatically as a percentage of regular salary as compensation for work during off-duty hours. Because of the nature of the BATF agent's job, overtime cannot be administratively controlled. AUO pay reimburses the agent for the substantial amounts of regular overtime duty required by the job.

ter jurisdiction. Congress included a separate provision for the redress of federal employment discrimination in the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–16. Before a federal claimant may pursue his claim in the courts, administrative remedies in his own agency must be exhausted. *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *Gaballah v. Johnson,* 629 F.2d 1191 (7th Cir. 1980); *Ettinger v. Johnson,* 518 F.2d 648 (3d Cir.1975).

As part of the federal provision, the Equal Employment Opportunity Commission was directed to formulate regulations governing the administrative procedures. 42 U.S.C. § 2000e–16(b). Regulations thereafter promulgated, 29 C.F.R. § 1613.-211 *et seq.,* establish a specific time for filing complaints. The agency may accept complaints for processing only if:

> (i) The complaint brought to the attention of the Equal Employment Opportunity Counselor the matter causing him to believe he had been discriminated against within 30 calendar days of the date of that matter....

29 C.F.R. § 1613.214(a)(1)(i).

Plaintiff does not contest the fact that pursuant to 29 C.F.R. 1613.214(a)(1)(i), a complainant must bring the matter to the attention of the EEO counselor within thirty days of the alleged discrimination. At issue, however, is whether plaintiff fulfilled this requirement.

Defendant contends that the alleged discriminatory acts claimed in plaintiff's complaint occurred on April 6, 1980 in relation to the first claim, *i.e.,* the date when she assumed limited duty and was taken off AUO pay and had to give up her government automobile, and on December 3, 1979 as to her second claim, *i.e.,* the date she was told that she would not be assigned any investigations as a case agent during the pendency of her pregnancy. Plaintiff, on the other hand, claims she did not know she was the victim of discrimination until January 12, 1981 when her recommendation for promotion was returned. At that time, she claims to have begun an investigation and found that other agents suffering temporary disabilities retained AUO pay and government automobiles. She then began the administrative processes within thirty days after she discovered the discrimination.

Plaintiff refers this court to two cases for the proposition that the time limitations under Title VII do not begin to run until the plaintiff knows or should know that she has been the victim of an alleged violation of its provisions. *Stafford v. Muscogee County Board of Education,* 688 F.2d 1383 (11th Cir.1982); *Allen v. U.S. Steel Corp.,* 665 F.2d 689 (5th Cir.1982). Both of these cases involved private rather than governmental defendants, however, a fact which is of critical importance to the time issue.

In *Sims v. Heckler,* 725 F.2d 1143 (7th Cir.1984), the court aptly stated the following analysis in determining that the thirty-day limitation of 29 C.F.R. § 1613.-314(a)(1)(i) is a jurisdictional requirement.

It is established that "the United States, as a sovereign, is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Lehman v. Nakshian,* 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981), *quoting United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). Waivers of sovereign immunity are to be strictly construed. *Reymonds v. United States,* 643 F.2d 707 (10th Cir. 1981); *Sprouse v. Federal Prison Industries, Inc.,* 480 F.2d 1 (5th Cir.1973), *cert. denied* 414 U.S. 1095, 94 S.Ct. 728, 38 L.Ed.2d 553 (1973); *Brown v. General Services Administration,* 507 F.2d 1300 (2d Cir.1974), *cert. granted* 421 U.S. 987, 95 S.Ct. 1989, 44 L.Ed.2d 476, *affirmed* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 1976).

Valid administrative rules legislative in nature have "the force and effect of law." *Chrysler Corp. v. Brown,* 441 U.S. 281, 295, 99 S.Ct. 1705, 1714, 60

L.Ed.2d 208 (1979); see *United States v. Nixon,* 418 U.S. 683, 695, 94 S.Ct. 3090, 3101, 41 L.Ed.2d 1039 (1974). In the recent case *Production Tool v. Employment & Training Administration,* 688 F.2d 1161 (7th Cir.1982), this court stated that such rules "are as binding on the courts as any statute enacted by Congress." *Id.* at 1165. In order to be accorded this maximum effect, a rule must (1) affect individual rights and obligations, (2) have been promulgated in compliance with statutory procedures under a delegation of legislative authority, (3) not be arbitrary and capricious and (4) be reasonably related to the purposes of the enabling legislation. *Production Tool,* 688 F.2d at 1165–66.

The 30-day time limitation of § 1613.-214(a)(1)(i) was promulgated by the Equal Employment Opportunity Commission pursuant to an explicit Congressional delegation of rule-making authority under 42 U.S.C. § 2000e–16(b). The rule affects individual rights. We believe that the rule is reasonably related to the purposes of the enabling legislation and that it is not arbitrary and capricious. Section 1613.-214(a)(1)(i) is, therefore, "as binding on the courts as any statute enacted by Congress." Giving the rules the force and effect of law, we hold that it constitutes one of the terms of the sovereign's consent to be sued and, as such, defines the district court's jurisdiction.

*Id.* at 1145–46. The court is aware that the Fifth Circuit has explicitly found the time limitations do not involve the subject matter jurisdiction but rather relate to the merits of the complaint. *Oaxaca v. Roscoe,* 641 F.2d 386, 391 (5th Cir.1981).

■ This court believes, as does the Seventh Circuit, that the time limits regulating the Title VII actions against governmental defendants must be strictly construed. The dates in the case before the court upon which plaintiff's claims of discrimination are based are December 3, 1979 when she was transferred and told that she would not be given case agent duties during her pregnancy, and April 6, 1980 when her AUO pay and government automobile were taken from her. She knew of both decisions and, in fact, was not offended by either at the time. Her first contact with the EEO counselor was on January 12, 1981, after a recommendation for her promotion was returned. This contact was made over a year after she learned she would not be given case agent assignments while pregnant and over nine months after she lost her AUO pay and automobile.

■ While this court is unwilling to say that a "discovery" rule has no validity in an action such as this, the discovery must relate to the *discriminatory* act and not to the *effect* such an act has at some later point in time. *See Delaware State College v. Ricks,* 449 U.S. 250, 258, 101 S.Ct. 498, 504, 66 L.Ed.2d 431 (1980); *United Air Lines v. Evans,* 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977) (Both cases deal with a continuing violation claim but the court's analysis is clearly applicable in this matter.) It is undisputed in this case that plaintiff knew her AUO pay and government automobile would be and were taken from her when she went on limited duty. Although she cites incidents where these benefits were not removed for temporary disabilities, she received the same treatment on several occasions when she was suffering a temporary disability. *See* Affidavit of Stephen C. Wells attached to defendant's motion at 7–8 and Affidavit of Sandra L. Eagle attached to defendant's motion at 7. Plaintiff even made special requests prior to limited duty status for continuance of her benefits while on leave which were denied. *See* Affidavit of Sandra L. Eagle at 6. This is enough to put her on notice of the need for inquiry even if a discovery rule were to apply.

Under their prior system of promotion, BATF agents had to perform a certain number of hours at the next grade level to be eligible for promotion. Plaintiff contends that because she was taken off case agent duties during her pregnancy, she was not thereafter eligible for promotion. However, this was also a single incident

capable of complaint within the thirty-day time limit. Plaintiff was promoted under this system to a grade GS–11 on February 1, 1980 and therefore knew of the requirement. *See* Affidavit of Sandra L. Eagle at 2 discussing this procedure. The effect of the announcement on December 3, 1979 that plaintiff would not be given case agent duties, if discriminatory at all, should have been clear to plaintiff on that date. Accordingly, this claim was also not timely brought to the attention of the EEO counselor.

Due to the finding that plaintiff did not timely pursue her administrative remedies, the second basis raised by defendant for summary judgment need not be considered. It is the finding of the court that partial summary judgment be entered for defendant on counts one and two of plaintiff's complaint on the basis that her failure to timely exhaust her administrative remedies renders this court without subject matter jurisdiction over these claims.

IT IS SO ORDERED.