**A.W. REYNOLDS, Plaintiff-Appellant,**

v.

**UNITED STATES of America, et al.,**
**Defendants-Appellees.**

**No. 85–5534.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 1985.

Decided Feb. 11, 1986.

Peter L. Yeomans, O'Neal, Ready, Yeomans & Baron, Oceanside, Cal., for plaintiff-appellant.

Michael E. Quinton, Asst. U.S. Atty., San Diego, Cal., for defendants-appellees.

Before GOODWIN and BOOCHEVER, Circuit Judges, and WILLIAMS,* District Judge.

PER CURIAM:

Reynolds, a civilian employee of the Camp Pendleton commissary, believing that he had a claim under 42 U.S.C. § 2000e–3 (1982), filed this action in the district court and served a copy of the complaint and summons upon a gunnery sergeant in an office on the base. He did not serve the United States Attorney or the Attorney General as required by the Federal Rules of Civil Procedure. Reynolds now appeals the resulting judgment of dismissal. We affirm.

The service of federal process is covered by Federal Rules of Civil Procedure 4. Service upon the United States must be made by delivering a copy of the summons and of the complaint to the United States Attorney for the district in which the action is brought (or upon the designated person in the Office of the United States Attorney) and by sending a copy of the summons and of the complaint by registered or certified mail to the United States Attorney General. Fed.R.Civ.P. 4(d)(4). Service on an officer of the United States requires service on the United States and sending a copy of the summons and complaint by registered or certified mail to such officer. Fed.R.Civ.P. 4(d)(5). If service is not made within 120 days after the filing of the complaint, the action must be dismissed as to any defendant not served unless the plaintiff shows good cause why service was not made within that period. Fed.R.Civ.P. 4(j).

Counsel for the plaintiff argued that he failed to serve the United States Attorney because someone on the Marine base told his secretary, in response to a telephone inquiry, that the Judge Advocate General on the base could accept service for the Commanding General. He thereupon served a gunnery sergeant and thereby perhaps complied with the requirement of sending a copy of the summons and complaint to the officer of the United States. This did not create personal jurisdiction over the United States or the Commanding General.

When the 120 days went by with no service having been made upon the United States Attorney, the United States Attorney had a duty to move to dismiss the complaint. The court then considered all of counsel's protestations of good faith, but they boiled down to the fact that he had failed to read the Rules of Civil Procedure. In dismissing the complaint without prejudice, the court left the plaintiff free to start over, if he had the time and inclination to do so. This was not an abuse of discretion.

The judgment of dismissal was treated by the court, the government, and the plaintiff as a final judgment. That matter is not free from doubt, but all parties agree that the United States is a necessary party to the case and was not served. Under these circumstances, we treat the judgment as final and appealable.

Affirmed, with costs to the government.

---

* The Honorable Spencer W. Williams, United States District Judge, Northern District of California, sitting by designation.