844 F.2d 791
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 No. 87-5708.
 
 Ernest C. DOWNS, Plaintiff-Appellant,
v.
David V. KENYON, United States District Judge; William P.
Gray, United States District Judge; Robert C. Bonner,
United States Attorney; and Robert L. Brosio, Assistant
United States Attorney, Defendants-Appellees.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 23, 1988.*
Decided April 4, 1988.
 Before BARNES, KILKENNY and GOODWIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Downs appeals from the dismissal of his action filed against two United States District Judges and two United States Attorneys. Although the district court did not identify which of the four grounds asserted in the motion to dismiss formed the basis of its order of dismissal, we note that a reviewing court may affirm on any ground finding support in the record. See Golden Nugget, Inc. v. American Stock Exchange, Inc., 828 F.2d 586, 590 (CA9 1987) (per curiam). Although we ordinarily review dismissals for an abuse of discretion, see Hart v. United States, 817 F.2d 78, 80 (CA9 1987) (per curiam), dismissals for want of personal jurisdiction are reviewed de novo. Cf., FDIC v. British-American Ins. Co., Ltd., 828 F.2d 1439, 1441 (CA9 1987). We affirm.
 
 
 3
 Because the appellees are all officers of the United States, Downs was required to effect service of process by sending copies of the summons and complaint via registered or certified mail not only to each of the appellees, see FRCivP 4(d)(5), but also to the Attorney General of the United States in Washington, D.C. See FRCivP 4(d)(4). Absent a showing of good cause, a failure to accomplish the above within 120 days of the filing of the complaint constitutes a ground for dismissal. FRCivP 4(j); Reynolds v. United States, 782 F.2d 837, 838 (CA9 1986) (per curiam).
 
 
 4
 The record reveals the following: Downs filed his complaint on September 8, 1986; he failed to properly serve the appellees, and never served the Attorney General; the appellees' motion to dismiss was filed on January 7, 1987, more than 120 days after Downs had filed his complaint, and was properly served on Downs; Downs failed to respond to the motion to dismiss.[1] Because the evidence shows that Downs failed to effect proper service within the requisite time limit and made no showing of good cause for his failure, the district court did not err in dismissing the action. See Reynolds, 782 F.2d at 838.
 
 
 5
 In light of the fact that we are deciding this appeal solely on the question of the propriety vel non of the district court's order of dismissal for want of personal jurisdiction under FRCivP 4(j), we need not and do not address any of the other arguments raised in the parties' briefs with respect to the merits of Downs' claims against the appellees. Accordingly, Downs' motion for leave to file a late supplemental brief (more correctly, a reply brief) is DENIED.
 
 
 6
 The decision of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds that this case is appropriate for submission without oral argument per FRAP 34(a) and CA9 Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by CA9 Rule 36-3
 
 
 [1]
 Downs' failure to respond was and is no doubt due to his admitted flight to Mexico following a federal criminal conviction. Although his fugitive status constitutes a ground for refusing to entertain this appeal, see Molinaro v. New Jersey, 396 U.S. 365, 366 (1970) (per curiam); Conforte v. Commissioner, 692 F.2d 587, 590 (CA9 1982), stay denied, 459 U.S. 1309 (1983), it is the decision of this panel to address the district court's dismissal under FRCivP 4(j)