**Manuel R. SUAREZ, et al., Plaintiffs,**

v.

**CHAIRMAN OF the BOARD OF DIRECTORS OF the FEDERAL DEPOSIT INSURANCE CORPORATION, Defendant.**

**Civ. No. 87–1426(PG).**

United States District Court,
D. Puerto Rico.

Aug. 24, 1988.

Enrique Bray, Hato Rey, P.R., for plaintiffs.

Fidel A. Sevillano del Río, Asst. U.S. Atty., Hato Rey, P.R., for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

Plaintiffs, Manuel R. Suárez and Paulette Lavergne, bring this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Plaintiffs seek redress of alleged employment discrimination by the Federal Deposit Insurance Corporation ("FDIC"). The defendant is the Chairman of the Board of Directors of the FDIC. Plaintiffs claim they were discriminated in hiring because of national origin.

Defendant has filed a motion to dismiss based on the grounds of failure to exhaust administrative remedies prior to filing a Title VII claim and insufficiency of service of process. Plaintiffs filed their opposition thereto. Defendant filed a reply to plaintiffs' opposition and plaintiffs filed a sur-reply to defendant's reply.[1]

Plaintiff Manuel R. Suárez, a Puerto Rican, began working as a paralegal in FDIC's Puerto Rico Consolidated Field Office on June 9, 1985, until September 14, 1986. He started with a grade level 5 and was promoted to a grade level 7 classification. After passing the bar examination, on September 14, 1986, he was nominated for the position of litigation attorney with a level L6–9 classification. He maintained said level until February 27, 1987, when he resigned.

Plaintiff Paulette Lavergne, a Puerto Rican, worked as an attorney in FDIC's Puerto Rico Consolidated Field Office from January 21, 1986, to October 17, 1986. She started with a grade level 11 classification.

Plaintiffs argue that because of their national origin, being Hispanic, they were deprived of a higher classification and starting grade levels. They allege that non-Hispanic attorneys with comparable or less experience than Hispanic attorneys here in Puerto Rico were started at higher grade levels in the Mainland.

Defendant alleges that plaintiffs' claim of discrimination in hiring is time barred because it was not presented to the FDIC's Equal Employment Opportunity counselor within thirty days of the date of the alleged discriminatory act as required by 29 C.F.R. § 1613.214(a)(1)(i).[2]

---

1. Plaintiffs sur-replied to an allegation allegedly made by defendant that the way plaintiffs presented their individual Federal Tort Claims Act ("FTCA") claims to the FDIC did not comply with 28 C.F.R. § 14.2(a). The present complaint does not contain any FTCA claims nor did defendant make such an allegation. Similarly, plaintiffs' allegation that the "administrative complaints filed with the EEOC alleging discrimination under Title VII and the FTCA were filed by the ex-FDIC employees on their own behalf, on behalf of their wives, and on behalf of their conjugal partnerships" does not belong to this case.

2. 29 C.F.R. § 1613.214 provides in part:
   (a) Time limits. (1) An Agency shall require that a complaint be submitted in writing by the complainant or his representative and be signed by the complainant. The complaint may be delivered in person or sumbmitted by mail. The agency may accept the complaint for processing in accordance with this subpart only if:
   (i) The complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him to believe he had been discriminated against within 30 calendar days of that matter, or, if a person-

On June 25, 1987, plaintiff Suárez contacted an Equal Employment Opportunity ("EEO") counselor for the first time, some four months after he left the FDIC. On August 14, 1987, 15 calendar days after receiving the notice of final interview with the EEO counselor, he filed and submitted a discrimination complaint to an EEO official. A final agency decision was issued on September 14, 1987, rejecting the discrimination complaint as untimely under 29 C.F. R. § 1613.214(i). Within thirty days of receipt of the final decision plaintiff Suárez filed this action.

Co-plaintiff Lavergne contacted an EEO counselor on August 5, 1987, for the first time, some ten months after she left the FDIC. She filed a discrimination complaint on September 16, 1987. A final agency decision was issued on October 15, 1987, also dismissing the complaint as untimely under 29 C.F.R. § 1613.214(i).

Discrimination in all personnel actions affecting federal employees or applicants for federal employment is forbidden by federal law. 42 U.S.C. § 2000e–16(a). A federal employee who seeks to bring a complaint must exhaust the administrative remedies before he may properly bring a complaint of discrimination in district court. *Brown v. General Services Administration,* 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976). The Equal Employment Opportunity Commission ("EEOC") has the authority to enforce the statute and to issue rules and regulations necessary and appropriate to carry out its responsibilities. 42 U.S.C. § 2000e–16(b). The regulations which lay out the various steps and time limits of the administrative procedures are contained at 29 C.F.R. § 1613.211, *et seq.* Under these regulations an employee complaining of discrimination must first consult an EEO counselor within thirty days of "the matter causing [complainant] to believe he had been discriminated against" or, if a personnel action, within thirty days of its effective date. 29 C.F.R. § 1613.214(1)(i). If the complaint cannot be informally resolved by the EEO counselor, the employee has fifteen days from the

date of his final interview with said counselor to submit a written complaint to the appropriate agency official. 29 C.F.R. § 1613.214(a)(1)(ii). The agency may accept the complaint for processing only if both of these time limits are met. 29 C.F. R. § 1613.214(a)(1). *Ornellas v. Lammers,* 631 F.Supp. 522 (D.N.H.1986). The head of the agency may reject, inter alia, those complaints which were not timely filed. 29 C.F.R. § 1613.215. An employee whose complaint is so rejected for being untimely filed will receive notice of this decision and of his right to appeal the agency's decision to the EEOC within twenty days after receipt of the agency's notice of final decision or by filing a civil action in a United States District Court within thirty days of receipt of notice of final action taken by the agency. 29 C.F.R. §§ 1613.215, 1613.233(a) and 1613.281.

Plaintiffs' claim of discrimination in hiring is a "personnel action." *Wolfolk v. Rivera,* 729 F.2d 1114, 1117 (7th Cir.1984). According to the regulations, plaintiffs would have had to bring their discrimination charge to the attention of the EEO counselor within thirty days of the effective date of their hiring in order to file a timely claim. However, the regulations provide exceptions to strict compliance to the thirty-day limit. 29 C.F.R. § 1613.214(a)(4) (1987) provides:

(4) The agency shall extend the time limits in this section: (i) when the complainant shows that he was not notified of the time limits and was not otherwise aware of them, or that he was prevented by circumstances beyond his control from submitting the matter within the time limits; or (ii) for other reasons considered sufficient by the agency.

Plaintiff Suárez claims that he did not know the facts supporting his claim of discrimination in hiring until June 22, 1987, over two years after he was hired, when he learned of the Federal Personnel Manual entitled "Hiring Pattern for Entrance–Level Attorney and Law Clerk Position." After studying Subchapter 3 of the Federal Personnel Manual, plaintiff Suárez became

nel action, within 30 calendar days of its effective date....

aware that since the commencement of his employment with the FDIC he was qualified for appointment in a higher grade classification than what he was appointed to. He also became aware that other non-natives of Puerto Rico performing the same duties as Suárez had been classified and received compensation at levels and rates higher than plaintiff's. (See Plaintiffs' Sworn Statement, Exhibit V of Plaintiffs' Opposition to Defendant's Motion to Dismiss.)

Co-plaintiff Lavergne allegedly discovered that she had been discriminated against in mid-July of 1987 when she had a conversation with attorney Suárez, who told her that non-hispanic attorneys with comparable or less experience than hispanic attorneys had been started at higher grade levels.

Suárez's and Lavergne's lack of knowledge of facts which would support a discrimination claim constitutes "circumstances beyond their control" which prevented them from submitting the matter to their agency's EEO counselors within thirty days of the effective day of their hiring. The test applied in interpreting and applying the regulation of exception to the thirty-day limit is not a subjective one. *Wolfolk v. Rivera, supra.* The Seventh Circuit Court of Appeals adopted the test that has been used in private Title VII actions to determine whether Title VII's time limits should be tolled. The Court stated:

> A person is "prevented by circumstances beyond his control" from submitting a discrimination charge until the time when "facts that would support a charge of discrimination under Title VII were apparent or should have been apparent to a person with a reasonably prudent regard for his rights similarly situated to the plaintiff." *Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d 924, 931 (5th Cir.1975). *See also Nelson v. United States Steel Corp.,* 709 F.2d 675, 677 n. 3 (11th Cir.1983); *Fox v. Eaton Corp.,* 689 F.2d 91, 93 (6th Cir.1982); *Wilkerson v. Siegfried Insurance Agency, Inc.,* 683 F.2d 344, 345 (10th Cir.1982); *Stoller v. Marsh,* 682 F.2d 971, 974 (D.C.Cir.1982), *cert. denied,* [460] U.S. [1037], 103 S.Ct.

1427, 75 L.Ed.2d 787 (1983); *Cooper v. Bell,* 628 F.2d 1208, 1212 (9th Cir.1980). When this point in time has been reached, a person must submit the matter to the agency's EEO counselor within thirty days in order to take advantage of the exception at issue here.

*Wolfolk v. Rivera,* 729 F.2d at 1117.

The *Reeb* standard was adopted and applied to the factual context in *Wolfolk* because "it striked an appropriate balance between fairness to the claimant and the importance of beginning administrative process of investigation and conciliation in a timely manner." *Id. Reeb* was also consistent with the court's recognition of the remedial purposes of Title VII.

Suárez did not have reason to suspect discrimination until June 22, 1987, and Lavergne, until she had the conversation with Suárez. The EEO Counselor's Report of Suárez (Exhibit A of Defendant's Motion to Dismiss) shows that hiring practices were discussed with Senior Attorney John David Ferrer and his secondary level supervisor, Regional Counsel Rae Schupack Nathan. The counselor states in the second page of the report: "It seems that there were no guidelines—i.e., the Federal Personnel Manual or job descriptions of any kind— used in hiring attorneys on the list. Instead the policy appears to have been one of hiring the best possible candidate at the lowest salary they would accept."

The report includes summaries of interviews with attorneys, former employees of FDIC's field office in San Juan. The interviews reveal that all attorney applicants were led to believe that experienced lawyers were hired at no higher than a grade 11 classification. We take judicial notice of the case of *José R. Franco–Rivera v. The Chairman of the Board of Directors of the Federal Deposit Insurance Corporation,* Civil No. 87–1462(CC), and the case of *Antonio J. Cabrero, et al v. The Chairman of the Board of Directors of the Federal Deposit Insurance Corporation,* Civil No. 87–1268(GG), in which the EEO counselor's reports reveal similar or same

investigative findings and same contentions as in this case.

An alleged disparity in pay levels between Puerto Rican and non-Puerto Rican employees is a fact "peculiarly within the knowledge of the employer." *Wolfolk, supra,* (the disparity in pay levels was between white and black employees), *citing, Strong v. Demopolis City Board of Education,* 515 F.Supp. 730, 734 (S.D.Ala.1981).

"Employees generally lack knowledge about their co-workers' salaries, *id.,* and employers are often reticent about disclosing this information. In *Strong,* the district court denied a motion to dismiss plaintiff's Title VII claim. The court ruled that equitable tolling of EEOC time limitation was warranted because plaintiff had no knowledge of the salary disparity between male and female sport coaches until a Board of Education meeting approximately two-and-a-half years after plaintiff was first paid for coaching." *Wolfolk,* 729 F.2d at 1118.

On the record before us we cannot say that the fact that non-Puerto Rican employees were being paid more than Puerto Rican employees would or should have been apparent to a reasonably prudent person in Suárez's situation prior to June 22, 1987, and in Lavergne's situation prior to the conversation with Suárez. *See, e.g., Myles v. Schlesinger,* 436 F.Supp. 8 (E.D.Pa.1976) (plaintiff excused from complying with thirty-day rule when she did not realize she had been discriminated against until she had a conversation with a co-worker and filed her complaint within ten days of that discussion); *Ellis v. Naval Air Rework Facility, Alameda, Cal.,* 404 F.Supp. 377, 385 (N.D.Cal.1975) (plaintiff's discrimination complaint timely filed when filed within a few days of conversation in which plaintiff learned, for the first time, of an impropriety in decision-making process by which he was denied a job position many months before); *Snead v. Harris,* 22 F.E.P. Cases 1434 (D.D.C.1980) (federal employee initiated EEO counseling within thirty days of conversation which alerted her to possibility of discrimination but after five months after she learned she would not be promoted).

The cases cited by defendant are distinguishable from the case at bar. They are cases of denial of a promotion, *Bickham v. Miller,* 584 F.2d 736 (5th Cir.1978), of reduction in grade, *Jones v. United States Postal Service,* No. 81–C–7192, Slip Op. (N.D.Ill.1982), of single incidents allegedly discriminatory such as duty limited and governmemt benefits taken away while on maternity leave, *Eagle v. Regan,* 599 F.Supp. 38 (N.D.Ohio 1984), and of interference, harassment and denial of promotion, *Cooper v. Bell,* 628 F.2d 1208 (9th Cir. 1980). All of these cases contain a specific situation that should put the employee on notice that he might be discriminated against.

In the case at bar the hiring officer appears to have misrepresented the starting grade levels to every attorney he interviewed. There is no evidence that the FDIC made the Federal Personnel Manual available to its employees or that they were even informed of its existence. The crucial point is that once plaintiffs initially discovered that non-Puerto Ricans were being paid more than they were, they acted promptly. Suárez brought the matter to the attention of an EEO counselor within thirty days of the time he first learned that non-Puerto Rican employees with the same qualifications were being paid more than Puerto Rican employees. Co-plaintiff Lavergne brought the matter to the attention of an EEO counselor within thirty days of the conversation with Suárez in which she learned for the first time of the alleged national origin discrimination. The motion to dismiss for failure to exhaust administrative remedies should therefore be denied.

Defendant further requests the dismissal of the complaint for failure to effect proper service. Although the district courts have broad discretion to dismiss a complaint for failure to effect service, dismissal is not appropriate when there exists a reasonable prospect that service can be obtained. *Novak v. World Bank,* 703 F.2d 1305 (D.C.1983). In the two cases cited by defendant, *Reynolds v.*

48

*United States,* 782 F.2d 837 (9th Cir.1986); and *Norlock v. City of Garland,* 768 F.2d 654 (5th Cir.1985), service was not properly made and the district court exercised its discretion dismissing the complaint without prejudice leaving the plaintiff free to start over. In the case at bar, dismissal without prejudice would serve no useful purpose when process has been already properly served on defendant.

Defendant also contends that plaintiffs' claims under Executive Order 11478 are barred by *Brown v. General Services Administration, supra.* Plaintiffs' claims under Executive Order 11478 are precluded for Title VII is plaintiffs' exclusive remedy. *Ornellas v. Lammers,* 631 F.Supp. at 527.

WHEREFORE, in view of the above, the Court hereby GRANTS IN PART defendant's motion to dismiss, and

ORDERS the DISMISSAL of plaintiffs' claims under Executive Order 11478, and hereby

DENIES defendant's motion to dismiss the complaint for failure to exhaust administrative remedies and for insuffiency of service.

IT IS SO ORDERED.