**Astrid CHAVEZ COLON, Plaintiff,**

v.

**CHAIRMAN of the BOARD OF DIRECTORS OF FEDERAL DEPOSIT INSURANCE CORPORATION, Defendant.**

**Civ. No. 89–520 HL.**

United States District Court,
D. Puerto Rico.

Oct. 10, 1989.

---

## OPINION AND ORDER

LAFFITTE, District Judge.

Defendant has moved to dismiss plaintiff's complaint.[1] Plaintiff has opposed the motion. We agree with the plaintiff and deny the motion to dismiss.

Plaintiff Astrid Chavez Colon ("Chavez"), a former employee of defendant Federal Deposit Insurance Corporation ("FDIC"), seeks money damages against FDIC for alleged acts of discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e, *et seq.* She claims that she was paid a lower salary as a bankruptcy attorney for the FDIC because she is Hispanic. Defendant argues that plaintiff has failed to exhaust her administrative remedies by not contacting an Equal Employment Opportunity ("EEO") counselor within the required thirty-day period.

Chavez worked for the FDIC from November 17, 1986 to January 15, 1988. Eight months after leaving the FDIC, she learned that the FDIC in Puerto Rico had led her to believe that she could only be hired at a salary level lower than the salaries paid non-Hispanic attorneys with the same experience in the New York office. She claims that she had no way of knowing that she had been discriminated against until September 14, 1988 when she read the Opinion and Order in the case of a former FDIC colleague who also claimed the FDIC hired him at a lower salary grade level than non-Hispanic employees. *See Franco–Rivera v. The Chairman of the Board of Directors of the FDIC,* 690 F.Supp. 118 (D.P.R.1988). On September 20, 1988, Chavez telephoned an EEO counselor expressing her desire to file a discrimination complaint. She next contacted the EEO on September 29, 1988 when she delivered an envelope to the counselor containing a letter stating the facts of her complaint and the remedy she sought.[2] Chavez also deliv-

John M. Garcia, Garcia & Fernandez, Hato Rey, P.R., for plaintiff.

Robert S. Cessar, F.D.I.C., Washington, D.C., for defendant.

---

1. Defendant has also moved to strike plaintiff's demand for a jury trial. Plaintiff has conceded that Title VII does not include a right to trial by jury.

2. The parties disagree as to the exact date and how Chavez learned about the discrimination or whether an initial interview was scheduled for September 23, 1988. In any event, they agree that she missed the appointment. For the purposes of this motion, the Court accepts as true plaintiff's allegations and interprets all inferences of fact in favor of plaintiff. 27 Fed.Proc.L. Ed., sections 62.465, 62.466. *Miree v. Dekalb County,* 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 2492 n. 2, 53 L.Ed.2d 557 (1977); *O'Brien v. DiGrazia,* 544 F.2d 543, 545 (1st Cir.1976).

ered copies of a "Motion Requesting Leave to Intervene" that she had filed on September 28, 1988 in the pending case of *Franco–Rivera*, 690 F.Supp. 118 in the United States District Court for the District of Puerto Rico.

On October 6, 1988 the EEO counselor wrote Chavez informing her that the EEO was ending its participation in her case because the regulations prohibited simultaneously litigating the same case in the United States Courts and in the administrative process. 29 C.F.R. 1613.215(a)(3). On October 18, 1988 the U.S. District Court denied Chavez's Motion to Intervene. On October 26, 1988, Chavez again contacted the EEO counselor in order to continue her administrative claim. She filed a discrimination complaint with the EEO on January 12, 1989. On March 28, 1989, the EEO's Final Decision rejected Chavez's complaint as untimely under 29 C.F.R. 1613.215(a)(4) because her first contact with the EEO counselor was October 26, 1988, nine months after she had left the FDIC and more than thirty calendar days after September 14, 1988 when she discovered the discrimination.

We find first that Chavez's initial consultations with the EEO counselor on September 20, 1988 and September 29, 1988 satisfy the filing requirements set forth in 29 C.F.R. 1613.214(a)(1) and 1613.215(3). She had thirty days to contact the EEO after September 14, 1988 when she learned of the discrimination, because she was prevented by circumstances beyond her control from knowing that she had been hired at an unfair salary level at the time she was hired. 29 C.F.R. 214(a)(1), (4).[3] We also find that Chavez did not terminate the administrative process by attempting to intervene in the *Franco–Rivera* case because she did not become a party to the judicial action. 29 C.F.R. 1613.215(a)(3).

Title VII forbids discrimination in all personnel actions affecting applicants for federal employment. 42 U.S.C. 2000e–16(a). The Equal Employment Opportunity Commission ("EEOC") issues rules and regulations to enforce the statute through various administrative procedures. 42 U.S.C. 2000e–16(b); 29 C.F.R. 1613.211 *et seq.* Under these regulations, Chavez would have had to bring a discrimination charge to the attention of an EEO counselor within thirty days of "the matter causing [complainant] to believe she had been discriminated against" or if a personnel action, within thirty days of the effective hiring date. 29 C.F.R. 1613.214(1)(i).

However, there are exceptions to strict compliance with the thirty day limit. 29 C.F.R. 1613.214(a)(4)(1989) provides:

> (4) The agency shall extend the time limits in the section when the complainant shows that he/she was not notified of the time limits and was not otherwise aware of them, *was prevented by circumstances beyond the complainant's control from submitting the matter within the time limits;* or for other reasons considered sufficient by the agency. (emphasis added)

▬ The thirty-day limit is tolled when a person is "prevented by circumstances beyond his control" from submitting a discrimination charge until the time when the facts that would support a charge are apparent or should have been apparent to a person with a reasonably prudent regard for his rights. *Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d 924, 931 (5th Cir.1975). *See also Nelson v. United States Steel Corp.,* 709 F.2d 675, 677 n. 3 (11th Cir.1983); *Fox v. Eaton Corp.,* 689 F.2d 91, 93 (6th Cir.1982); *Cooper v. Bell,* 628 F.2d 1208, 1212–1213 n. 10 (9th Cir. 1980). Statutory filing requirements should be analogized to statutes of limitations; equitable modifications, such as tolling and estoppel should also be applied. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *Womble v. Bhangu,* 864 F.2d 1212 (5th Cir.1989); *Earnhardt v. Commonwealth of Puerto Rico,* 691 F.2d 69, 70 (1st Cir.1982).

---

**3.** We find that she could not have known that she was discriminated against at the time of hiring or during her employment for the sole purposes of determining if she satisfied the filing requirements under 29 C.F.R. 1613.214.

Although courts have taken a narrow view of the exceptions to Title VII limitation periods, equitable modification is appropriate where the employer misled the employee concerning the reasons for the discriminatory actions. *See Earnhardt*, 691 F.2d at 71; *Suarez v. Chairman of the Board of Directors of the Federal Deposit Insurance Corporation*, 692 F.Supp. 43, 46 (D.P.R.1988); *Franco–Rivera*, 690 F.Supp. at 121. An alleged disparity in pay levels between Puerto Rican and non-Puerto-Rican employees is a fact "peculiarly within the knowledge of the employer." *Wolfolk v. Rivera*, 729 F.2d 1114, 1117 (7th Cir. 1984); *Suarez*, 692 F.Supp. at 47. Chavez claims she did not know the facts supporting her claim of discrimination until after she left the FDIC because the hiring interviewer told her that she could be given no higher than a grade 11.1 salary classification and she was never given a job description. The EEO summarized interviews with former FDIC attorneys who also stated that FDIC led all attorney applicants to believe that experienced lawyers were hired at no higher than a Grade 11 classification. (See Counselor's Report, Exhibit B of Plaintiff's Opposition to Motion to Dismiss and Strike Plaintiff's Demand for Jury Trial).

Furthermore, in three recent discrimination cases against the FDIC involving facts almost identical to Chavez's, the court has found "impressive evidence" that the hiring officers of the FDIC misrepresented the starting grade levels to everyone they interviewed or hired. *See, e.g., Suarez* 692 F.Supp. at 47; *Franco–Rivera*, 690 F.Supp. at 120–122; *Antonio J. Cabrero v. Chairman of the Board of Directors of the Federal Deposit Insurance Corporation*, Civil Number 87–1286(GG). The court excused the plaintiffs from filing charges within the thirty-day period because there was a concerted effort in FDIC's San Juan office to conceal what appears to be a prima facie case of "massive, across-the-board, discriminatory practices." *Franco–Rivera*, 690 F.Supp. at 122; *Suarez*, 692 F.Supp. at 48. On the record before us, we find that the fact that Puerto Rican employees were being paid less than non-Puerto Rican employees with the same experience should not have been apparent to a reasonably prudent person in Chavez's position prior to September 14, 1988.

Defendant also contends that Chavez's motion to intervene in district court in the *Franco–Rivera* case terminated her administrative claim. In cancelling Chavez's claim, the EEO relied on 29 C.F.R. 613.-215(3) which states:

(a) The agency head or designee shall reject or cancel a complaint:

(3) That is the basis of a pending civil action in a United States District Court *in which the complainant is a party*. (emphasis added)

Based on this provision, the EEO contends her initial contacts in September were nullified when she attempted to intervene. The EEO's final report reflects that Chavez first contacted the EEO counselor on October 26, 1988, after the district court denied her motion to intervene.

■ We find the defendant erred in determining that Chavez's initial contact with the EEO counselor was cancelled because of her attempted intervention in district court. The statute specifically states that the administrative claim terminates when the complainant is a *party* in a pending judicial action based on the same claim. Chavez never became a party in the *Franco–Rivera* case; therefore her administrative claim was still intact on October 26 when she contacted the EEO after failing to intervene.

While voluntary abandonment of administrative remedies may preclude a judicial action, *see Castro v. United States*, 775 F.2d 399, 403–404 (1st Cir.1985), there is nothing on the record to indicate that Chavez voluntarily abandoned her claim by litigating in another forum. Merely filing a claim to intervene in a judicial forum without actually intervening does not reach the level of abandoning the administrative process. *Cf. Castro*, 775 F.2d at 403–404 (where plaintiffs' claims were considered abandoned because one plaintiff never contacted the EEO counselor and the other

failed to raise the appropriate claim in the administrative process).

While a federal employee who wishes to bring a complaint under Title VII in district court must first exhaust the administrative remedies, *Brown v. General Services Administration*, 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976); *Castro*, 775 F.2d 399, filing requirements before the EEO will be construed liberally. *See e.g., Snell v. Suffolk County*, 782 F.2d 1094, 1101 (2nd Cir.1986); *de Medina v. Reinhardt*, 686 F.2d 997 (D.C.Cir.1982); *Foster v. Gueory*, 655 F.2d 1319, 1322 (D.C.Cir.1981). Courts have held that the principal function of the administrative filing requirement is to enable the EEOC to provide the alleged wrongdoer with notice and to permit possible conciliation. *de Medina*, 686 F.2d at 1013. Such purpose can be satisfied even when a plaintiff does not file with the EEOC at all, but where at least one plaintiff with similar circumstances has put the agency on notice of the discriminatory facts supporting the claim. In this case, Chavez put the EEO on notice of her claim within thirty days of discovering the facts of the discrimination. To hold that a mere failed attempt to judicially intervene cancelled her initial contact with the EEO, would effectively preclude Chavez from being a party in any claim, judicial or administrative, when she filed timely claims in both forums.

■ Defendant also claims that that Chavez's employment discrimination claims under Executive Order 11478 should be dismissed. The Supreme Court held in *Brown*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), that Congress' enaction of section 717 of Title VII, 42 U.S.C., section 2000e–16 in 1972, provided the complete administrative and judicial remedy for employment discrimination in the federal government, and mandated preemption of all other statutory remedies. *Brown*, 425 U.S. at 828–830, 96 S.Ct. at 1967. Courts have repeatedly followed *Brown* and held that Title VII is the *only* action a federal employee may bring to challenge employment discrimination. *See e.g., Thompson v. Sawyer*, 678 F.2d 257 (D.C.Cir.1982);

*DeGrace v. Rumsfeld*, 614 F.2d 796, 808 (1st Cir.1980) (barring a section 1980 claim); *DiPompo v. West Point Military Academy*, 708 F.Supp. 540, 544 (S.D.N.Y.1989) (Rehabilitation Act claim barred); *Suarez*, 692 F.Supp. at 48 (precluding a claim under Executive Order 11478); *Ornellas v. Lammers*, 631 F.Supp. 522, 527 (D.N.H.1986) (barring a claim under Executive Order 11478). Thus, Chavez may not pursue her cause of action under Executive Order 11478.

WHEREFORE the Court hereby DENIES the defendant's motion to dismiss for failure to exhaust administrative remedies, and

GRANTS defendant's motion to dismiss and dismisses plaintiff's claims under Executive Order 11478.

IT IS SO ORDERED.