967 F.2d 586
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bob L. FRANKLIN, Plaintiff-Appellant,
v.
CLARK COUNTY MANAGERS OFFICE; Las Vegas District, Nevada
Bureau of Land Management, Defendants-Appellees.
 No. 91-16622.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1992.*
Decided July 10, 1992.
 
 Before POOLE, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bob Franklin appeals pro se the district court's dismissal of his action against the Clark County Manager's Office (County Manager) and the Las Vegas District of the Bureau of Land Management (Bureau).[1] The district court found that under Nevada state law, the County Manager did not have the capacity to be sued. The court also found that Franklin's complaint was so vague that the County Manager could not be expected to file a responsive pleading. As to the Bureau, the court found that service of the complaint on the Bureau was improper under Fed.R.Civ.P. 4(d)(4). Alternatively, the court found that it lacked subject matter jurisdiction over Franklin's claims against the Bureau. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We may affirm the district court's dismissal of Franklin's action on any ground with support in the record. See Kruso v. International Tel. & Tel., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). Accordingly, we need not address the alternative bases for dismissal cited by the district court.
 
 A. Defendant County Manager
 
 4
 Under Nevada law, a state employee or official cannot be sued in tort for an act or omission within the scope of his employment or public duties unless the state, or a political subdivision such as a county, is a named defendant. Nev.Rev.Stat. § 41.0337. Because Franklin did not name the state or an appropriate political subdivision as a defendant, the district court properly dismissed his action without prejudice against the County Manager.
 
 B. Defendant Bureau
 
 5
 Under Nev.R.Civ.P. 4(d)(6), a copy of the summons and complaint must be served on an authorized agent of the Bureau. The Bureau is a United States government agency. The authorized agents for receiving service of process for the Bureau are the United States Attorney for the district in which the action is brought, and the Attorney General. Fed.R.Civ.P. 4(d)(4), (5).
 
 
 6
 Here, a copy of Franklin's summons and complaint was delivered to the Bureau's regional office in Las Vegas. Neither the United States Attorney for the district of Nevada nor the Attorney General was served. Because the Bureau was never properly served, the district court lacked personal jurisdiction over the Bureau. See Reynolds v. United States, 782 F.2d 837, 838 (9th Cir.1986) (per curiam). Thus, the district court properly dismissed Franklin's action against the Bureau. This dismissal is, however, without prejudice. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Franklin filed his complaint in Nevada state court seeking damages and injunctive relief against several state agencies. Franklin named only the County Manager and the Bureau as defendants in the action. The Bureau removed Franklin's complaint to federal district court. Both the County Manager and the Bureau moved to dismiss the action