Eric David **BOUDETTE,**
**Plaintiff–Appellant,**

v.

John **BARNETTE, Police Officer;**
**James Vaughn, Police Officer,**
**Defendants–Appellees.**

No. 89–16716.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 1990.*

Decided Jan. 22, 1991.

<hr>

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Eric David Boudette, Rimrock, Ariz., in pro per.

Michael A. Johns, Asst. U.S. Atty., Phoenix, Ariz., for defendants-appellees.

Before KOELSCH, CHOY and BEEZER, Circuit Judges.

CHOY, Circuit Judge:

Eric D. Boudette appeals the dismissal of his action for failure to serve the complaint within 120 days after its filing, as required by Federal Rules of Civil Procedure 4(j). Boudette contends that the district court abused its discretion in dismissing his action because he could not show good cause for his failure to comply with Rule 4(j). We affirm.

This is the second time that Boudette has had an action making similar allegations dismissed for failure to comply with Fed.R. Civ.P. 4(j). After his first action was dismissed on January 19, 1989, Boudette lodged a second complaint with the district court on January 25, 1989, and filed a motion for leave to proceed in forma pauperis ("IFP"). On February 24, 1989, the motion for IFP status was granted, and the second complaint was filed. IFP status entitled Boudette, *inter alia*, to have the United States bear some of the costs of his suit. Under Fed.R.Civ.P. 4(j) and 6(a), service of the complaint was required by June 26, 1989.

Boudette did inform the United States Attorney of the second complaint in April 1989.[1] However, he failed to serve the complaint by June 26, 1989. Instead, on August 15, 1989, Boudette filed a motion for enlarging the time for service, pursuant to Fed.R.Civ.P. 6(b)(2).[2]

On September 6, 1989, the district court denied Boudette's motion for enlargement of time and dismissed the action pursuant to Rule 4(j). The order was filed and judgment was entered on September 11. Boudette filed a timely notice of appeal on October 11, 1989.

In order to avoid dismissal for failure to serve the complaint and summons within 120 days after filing, as prescribed by Fed.R.Civ.P. 4(j), a plaintiff must show "good cause." *Fimbres v. United States*, 833 F.2d 138, 139 (9th Cir.1987); Fed.R.

---

1. Relying on his April 1989 letter to the United States Attorney, Boudette argues that defendants had actual notice of the lawsuit. However, he concedes that actual notice is relevant only if he is also able to show excusable neglect for failing to serve the complaint within 120 days of filing. As will become apparent, Boudette has not made this threshold showing. Therefore, the April 1989 letter is irrelevant.

2. Shortly thereafter, Boudette claims to have served the complaint on defendants. However, service after the 120-day period is irrelevant in deciding whether to dismiss under Fed.R.Civ.P. 4(j). *See Fimbres v. United States*, 833 F.2d 138, 139 (9th Cir.1987) (affirming dismissal of action where complaint was served upon defendant's two representatives 157 and 160 days, respectively, after complaint was filed).

Civ.P. 4(j).[3] At a minimum, "good cause" means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed. *Hart v. United States*, 817 F.2d 78, 80–81 (9th Cir.1987).

As an excuse for his neglect in serving defendants, Boudette contends that he would have timely served the complaint if he had been informed of the February 24, 1989 filing date on the first day in the 120 day period for service. He claims that when he inquired of the district court clerk as to the status of his case, the clerk said he should not bother the court with constant inquiry because he would be notified by mail of the court's orders. Boudette then claims that either the clerk failed to send notice of the filing or that the post office failed to deliver the notice. Thus, Boudette argues that either possibility excuses his neglect because he relied on "the operation of the United States government in accordance with law." [4]

As a preliminary matter we must confront an inconsistency between two statutes defining the duty of officers of the court to effect service of a complaint where the plaintiff is proceeding IFP. 28 U.S.C. § 1915(c) (1988) provides:

> The officers of the court shall issue and serve all process, and perform all duties in such cases. . . .

Rule 4(c)(2)(B)(i) of the Federal Rules of Civil Procedure provides:

> A summons and complaint shall, at the request of the party seeking service or such party's attorney, be served by a United States marshal or deputy United States marshal, or by a person specially appointed by the court for that purpose, only—
>
> (i) on behalf of a party authorized to proceed in forma pauperis pursuant to Title 28, U.S.C. § 1915. . . .

Section 1915 states that the responsibility for service of process, which includes service of a complaint, in IFP actions rests with the officers of the courts. Rule 4(c)(2)(B)(i) states that a United States marshal or other appointed person (officers of the court) shall serve the IFP plaintiff's complaint on *request*.

■ We apply the doctrine of *expressio unius est exclusio alterius* to determine the meaning of Rule 4(c)(2)(B)(i). *See Complaint of McLinn*, 744 F.2d 677, 683 (9th

---

3. Boudette's Rule 6(b)(2) motion for enlargement of time did not alter the need to show "good cause" in order to avoid dismissal under Rule 4(j). *See United States ex rel. DeLoss v. Kenner Gen. Contractors, Inc.*, 764 F.2d 707, 711 (9th Cir.1985).

4. The decisions cited by defendants are generally distinguishable from the present case. The most analogous case, *Reynolds v. United States*, 782 F.2d 837 (9th Cir.1986), involves an attorney who relied on incorrect information given to his secretary by "someone on the Marine base" that service on the Commanding General could be effected by serving the Judge Advocate General. *Id.* at 838. Thus, as with Boudette, the plaintiff in *Reynolds* relied on government error in attempting to show good cause for failing to serve within the 120–day period. The appellate court affirmed the dismissal, noting that counsel had failed to read the Rules of Civil Procedure. *Id.* However, unlike Boudette, the *Reynolds* plaintiff was apparently not proceeding IFP. Similarly, none of the other cases cited by the defendants involves IFP litigants. This distinction is important because under some circumstances it is conceivable that a litigant wishing to proceed IFP might reasonably rely on the district court clerk and the post office to learn when a "lodged" complaint was filed. This case does not, however, present such circumstances.

Aside from *Reynolds*, none of the other cases cited by defendants involves reliance on the government. Most involve inadvertent error. *Townsel v. Contra Costa County*, 820 F.2d 319, 320 (9th Cir.1987) (ignorance of Rule 4(j) not "good cause"); *United States ex rel. DeLoss v. Kenner Gen. Contractors, Inc.*, 764 F.2d 707, 709–10 (9th Cir.1985) (no "good cause" where, beyond single attempt to place phone call to defendant, plaintiff did nothing to effect service); *Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir.1985) (no "good cause" where counsel inadvertently forgot deadline imposed by Rule 4(j)). One involves an intentional delay by counsel who wished to postpone pre-trial and discovery deadlines, and another involves a secretary who forgot to mail the summons with the complaint. *Fimbres v. United States*, 833 F.2d 138, 139 (9th Cir.1987) (intentional delay); *Hart v. United States*, 817 F.2d 78, 81 (9th Cir.1987) (secretarial error).

Cir.1984) (applying doctrine of *expressio unius est exclusio alterius*); 2A C. Sands, *Sutherland Statutory Construction* § 47.23 (4th ed. 1984). This doctrine as applied to statutory interpretation creates a presumption that when a statute designates certain persons, things, or manners of operation, all omissions should be understood as exclusions. *Id.* Thus if a statute states that a party can invoke an action by request, such request is presumed the exclusive manner in which the action may be invoked.

Application of this doctrine to Rule 4(c)(2)(B)(i) leads us to the conclusion that an IFP plaintiff must request service of the summons and complaint by court officers before the officers will be responsible for effecting such service. The legislative history of the 1983 amendments to Rule 4(c) supports this restrictive reading. Congress intended these amendments to relieve the marshal of the duty of routinely serving summons and complaints for private parties in civil actions. *See* 128 Cong. Rec. 30929–31 (1982), *reprinted in* 28 U.S. C.A. foll. Fed.R.Civ.P. 4, 131–33 (Supp. 1990).[5] Thus it is apparent that Rule 4(c)(2)(B)(i) which requires an IFP plaintiff to request service of a summons and complaint before the marshal is charged with service conflicts with 28 U.S.C. § 1915(c) which on its face charges the officers of the court with the burden of serving all process for an IFP plaintiff independent of any request.

■ When two statutes conflict the general rule is that the statute last in time prevails as the most recent expression of the legislature's will. 2A C. Sands, *Sutherland Statutory Construction* § 51.02 (4th ed. 1984). 28 U.S.C. § 1915 was enacted in 1948 and last amended in 1979. The current version of Rule 4(c) was enacted in 1983 and last revised in 1987. Thus Rule 4(c) prevails. This conclusion is reinforced by the legislative history of the extensive 1983 revisions of Rule 4(c). The legislature specifically contemplated that its enactment of the 1983 amendments would conflict with prior statutes which imposed the burden of serving process on the marshal in a wider range of situations. The legislature anticipated that the more restrictive provisions of Rule 4(c) would control because it was the statute last in time and because of the express provision of 28 U.S.C. § 2072 that "[a]ll laws in conflict with the [Federal Rules of Civil Procedure] shall be of no further force or effect after such rules have taken effect...." 128 Cong.Rec. 30930–31 (1982), *reprinted in* 28 U.S.C.A. foll. Fed.R.Civ.P. 4 (Supp.1990).

■ An IFP plaintiff must request that the marshal serve his complaint before the marshal will be responsible for such service. Boudette did not request service by the marshal and so remained responsible for timely service.

Boudette's sole excuse for his failure to timely serve the complaint is that he did not receive notice of the filing of the complaint, because of the error of either the court clerk or the postal service. In light of the specific facts of this case, we do not think Boudette has shown "good cause" for failing to serve notice in a timely manner. The district court's order of January 19, 1989 dismissing Boudette's first action expressly informed Boudette that he could have the United States marshal serve his complaint rather than make his own arrangements for service. The order also set forth the requirement of Rule 4(j) that complaints be served within 120 days after filing. Boudette's subsequent reliance on the district court clerk and the post office was not reasonable in view of his previous experience and his express knowledge of the option of making the marshal responsible for service of process. Boudette may not now blame the Government for his failure to effect timely service of his complaint.

---

5. Normally the Federal Rules of Civil Procedure are amended by the Supreme Court pursuant to the congressional authorization of 28 U.S.C. § 2072. However, the 1983 amendments to Rule 4 were enacted directly by Congress to remedy perceived inadequacies in the Supreme Court's recent amendments. Congress did not believe that the Supreme Court's amendments sufficiently reduced the marshal's burden of service of process. 128 Cong.Rec. 30929–31 (1982), *reprinted in* 28 U.S.C.A. foll. Fed.R.Civ.P. 4, 131–33 (Supp.1990).

Boudette failed to show excusable neglect. The district court did not abuse its discretion in dismissing the action pursuant to Rule 4(j). *See Hart,* 817 F.2d at 80–81.

AFFIRMED.