**Timothy J. McKEOWN, SSN: 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, Plaintiff,**

**v.**

**Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.**

**No. A91-047 Civil.**

United States District Court, D. Alaska.

Nov. 14, 1991.

Lawrence E. Mendel, Mendel & Huntington, Anchorage, Alaska, for plaintiff.

Wevley Wm. Shea, U.S. Atty., D. Alaska, Susan Lindquist, Asst. U.S. Atty., Anchorage, Alaska, for defendant.

ORDER

(Motion to Dismiss)

HOLLAND, Chief Judge.

Defendant has moved to dismiss plaintiff's complaint for failure to timely effect service as required by Rule 4(j), Federal Rules of Civil Procedure. The motion has been considered by the United States Magistrate Judge who recommends that the motion to dismiss be denied.

Having fully reviewed the matter, the court adopts the recommendation of the United States Magistrate Judge. Defendant's motion to dismiss is denied, and plaintiff is allowed until December 5, 1991, within which to effect service in compliance with the Federal Rules of Civil Procedure.

REPORT AND RECOMMENDATION

(DEFENDANT'S MOTION TO DISMISS)

JOHN D. ROBERTS, United States Magistrate Judge.

The court has now before it a motion to dismiss by the defendant. (docket No. 11; reply at docket No. 13). Said motion is made on the grounds that the plaintiff has failed to comply with Federal Rule of Civil Procedure 4(j). The motion is opposed by the plaintiff. (docket No. 12). Neither party has requested oral argument and the court does not deem it necessary to the disposition of the motion.

This action is an appeal from a final administrative decision denying plaintiff's claim for Social Security disability and Supplemental Security income disability benefits. The defendant argues that because the plaintiff failed to properly serve the United States Attorney within 120 days pursuant to Rule 4(j) the complaint should be dismissed. Rule 4(j) provides:

> (j) **Summons: Time Limit for Service.** If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice on the courts own initiative with notice to such party or upon motion. This subdivision shall not apply to service in a foreign country pursuant to subdivision (i) of this rule.

Without personal service in accordance with Rule 4, the district court is without jurisdiction to render a personal judgment against a defendant. *Hutchinson v. United States,* 677 F.2d 1322, 1328 (9th Cir.1982). In the present case, the plaintiff filed an application to proceed in forma pauperis on February 12, 1991. The complaint was filed on February 13, 1991. The plaintiff did not serve the complaint and summons within 120 days from February 13, 1991. Rather, the plaintiff filed an amended complaint on April 24, 1991. The federal defendant answered said amended complaint but did not waive its right to proper service. On July 5, 1991 the plaintiff moved the court to issues summonses. July 11, 1991 the court denied the plaintiff's motion because the federal defendant had answered the amended complaint. Additionally, and contrary to Rule 4, the Attorney General of the United States and the officer or agency issuing the challenged order, the Secretary of Health and Human Services, were not served.

In the instant case, plaintiff's counsel has filed an affidavit stating that it has been his experience, in practicing in U.S. District Court in two other districts that when, as here, a social security appeal is filed in forma pauperis the court would either request service directions from the plaintiff, or direct service on its own initiative. (see docket No. 17). Thus, the issue presented by the present motion is whether or not plaintiff's counsel's reliance on his experience regarding the practice of other U.S. District Courts concerning service of process in social security appeals filed in forma pauperis constitutes "good cause" for purposes of enlargement of the time for service under Rule 4(j).

There is Ninth Circuit law directly on point which sets forth the exact standard to be employed in determining the disposition of this kind of motion. In *U.S. For Use And Benefit Of DeLoss v. Kenner General,* 764 F.2d 707, 711 (9th Cir.1985) the court made clear that an extension after the 120 day period has expired may be granted only where a party has satisfied the "good cause" requirement of Rule 4(j). In *Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir.1991) the court held:

> At a minimum "good cause" means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; (c) plaintiff would be severely prejudiced if his complaint were dismissed. *Hart v. United States,* 817 F.2d 78, 80–81 (9th Cir.1987).

The plaintiff in *Boudette* had the benefit of a previous dismissal of his case in which the court order expressly informed him that he could make the United States Marshal responsible for service, and which set forth the requirements of Rule 4(j). *Id.* at 757. Therefore, the court held that the plaintiff's subsequent reliance on the district court clerk and the post office was not reasonable. In contrast to the plaintiff in *Boudette,* the plaintiff in the present case has not had the benefit of any such direction from the court. Rather, with regard to complaints filed in forma pauperis, plaintiff's counsel had experienced service made by, or directed by, United States District Courts in two other districts.[1]

The Magistrate Judge concludes that the plaintiff's failure to make proper service in this case was the result of excusable neglect. Reliance on what would arguably appear to be standard practice in United States District Court based on the prior conduct of other United States District

1. The parties will note that *Boudette* includes a holding and discussion relating to the superseding impact of Rule 4(c)(2)(B)(i) on 28 U.S.C. § 1915 which had required the court to issue and serve all process in any civil or criminal case authorized by the court to proceed in forma pauperis. *Boudette* at 756–757. Perhaps it was in reliance on § 1915 that the districts in which counsel for plaintiff had experienced the exception to Rule 4(j) based their respective policies. Rule 4(c)(2)(B)(i) was amended in 1983 and applying the doctrine of *expressio unius est exclusio alterius* the Ninth Circuit held that its requirements were controlling. Yet, by virtue of counsel for plaintiff's affidavit, the court is informed that as recently as 1988 and 1989 these other districts had policies contrary to presumed exclusions of Rule 4(c)(2)(B)(i) as found under application of the doctrine by the court in *Boudette.* Finally, despite the recent timing of the *Boudette* decision, the court does not consider reliance on § 1915 to aid the plain-

Courts seems reasonable under the circumstances. Moreover, other factors are present which the Ninth Circuit's decision in *Boudette* teaches weigh in the plaintiff's favor. Specifically: (a) the party to be served personally, the federal defendant, received actual notice of the lawsuit as is evidenced by its answer to the plaintiff's amended complaint which was filed less than three months after the original complaint; (b) the defendant would suffer no prejudice by granting the plaintiff the extension; and (c) the plaintiff would be severely prejudiced if his complaint were dismissed because the 60 days to file this action would have long since passed thereby barring his claim.

CONCLUSION

For the foregoing reasons the Magistrate Judge hereby recommends that the defendant's motion to dismiss be denied and that the plaintiff be granted and extension of 20 days from the date of an order adopting this recommendation to make proper service in complete compliance with the Federal Rules of Civil Procedure.

*tiff's cause because his counsel did not express any such reliance in his affidavit.*