951 F.2d 360
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Benjamin Martin JONES, Plaintiff-Appellant,
v.
STATE OF CALIFORNIA, Defendant-Appellee.
 No. 90-16303.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1990.*
Decided Dec. 27, 1991.
 
 Before WILLIAM A. NORRIS, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Benjamin Martin Jones appeals pro se the district court's order dismissing his 42 U.S.C. § 1983 action without prejudice for lack of prosecution pursuant to Fed.R.Civ.P. 41(b). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Dismissal is a harsh penalty, and should be imposed only in extreme circumstances. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986). A district court's dismissal under Rule 41(b), however, should not be disturbed unless the court abused its discretion. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 650 (9th Cir.1991). Moreover, in order to find an abuse of discretion, we must have a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. at 652. Before dismissing a case for failure to prosecute, the district court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants from delay; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See Henderson, 779 F.2d at 1423. If the district court does not explicitly consider these factors, we independently review the record to determine whether the order of dismissal was an abuse of discretion. Id. at 1424.
 
 FACTS
 
 4
 Jones filed his section 1983 action against the defendants, various California state prison officials on September 3, 1987. A review of the record and the docket sheet do not show that the complaint was ever properly served on the defendants, and the defendants have not filed an answer or an answering brief on appeal.[1] Between 1987 and 1989, Jones filed a number of documents with the district court denominated as requests and motions, many of which either did not comply with the local rules, or reflected a confusion on Jones's part about how to proceed with his case. For instance, on September 5, 1987, Jones filed a request for the production of the complaint, in which he requested copies of his own complaint from the district court in order to serve the defendants. He filed a "request for statement of facts and conclusion of law" in which he was apparently requesting a ruling on his action, and on his motion to proceed in forma pauperis ("IFP"). He also filed a motion for entry of a default judgment against the defendants which the district court construed as a motion under Fed.R.Civ.P. 37(b), an entry of default for failure to obey a court order. The district court was unable to determine which order Jones was moving on, and dismissed the Rule 37 motion without prejudice.[2] In September of 1989, Jones filed a motion for "diversity of citizenship and change of venue" which the district court did not calendar because it did not comply with Local Rule 230. Jones took no further action on his case. On June 14, 1990, the district court issued Jones an order to show cause ("OSC") why the action should not be dismissed for lack of prosecution. On July 31, 1990, the district court dismissed the action without prejudice for failure to prosecute.
 
 
 5
 A. Expeditious Litigation and Docket Management
 
 
 6
 Although Jones filed his action in 1987, it appears that his complaint has not been properly served upon the defendants to date. His case was pending in the district court for two years before the district court issued the OSC why the action should not be dismissed for failure to prosecute. Jones delayed the resolution of the case and interfered with the court's orderly management of its docket. Thus, the first two dismissal factors, the public interest in expeditious resolution of litigation and the district court's interest in managing its docket, support the district court's order of dismissal. See Malone v. United States Postal Serv., 833 F.2d 128, 131 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988).
 
 B. Prejudice to Defendants
 
 7
 Ordinarily, to show prejudice, a defendant must show that the plaintiff's actions interfered with the defendant's ability to proceed to trial or interfered with the rightful decision of the case. See id. Here, the defendants have not filed an answer because they have not been properly served. Thus, no showing of prejudice has been made by the defendants. We have held, however, that "the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." See Morris, 942 F.2d at 651. Therefore, this factor weighs in favor of dismissal.
 
 C. Consideration of Less Drastic Sanctions
 
 8
 The following factors are particularly relevant in determining whether a district court has considered alternatives to dismissal: (1) whether the court explicitly discussed whether less drastic sanctions were feasible and explained why alternative sanctions would be inadequate; (2) whether the court implemented alternative sanctions before ordering dismissal; and (3) whether the court warned the plaintiff of the possibility of dismissal. See Malone, 833 F.2d at 132.
 
 
 9
 The district court did not explicitly discuss the feasibility of alternatives to dismissal. If, however, the district court actually tries alternatives before dismissing, explicit discussion of alternatives is unnecessary. See id. Here, before dismissing, the district court patiently and liberally construed Jones's motions. Moreover, before dismissing, the district court allowed Jones an opportunity to explain why his case should not be dismissed for failure to prosecute. Thus, this factor weighs in favor of dismissal.
 
 
 10
 D. Public Policy Favoring Disposition on the Merits
 
 
 11
 Although the fifth factor weighs against dismissal, it does not outweigh the other factors. We cannot conclude that pursuant to the five factors, the district court's decision to dismiss Jones's action without prejudice for failure to prosecute was an abuse of discretion. See Morris, 942 F.2d at 652.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Jones filed a petition for leave to proceed in forma pauperis ("IFP") which the district court granted. Plaintiffs proceeding IFP are entitled to have process served by a United States marshal. See 28 U.S.C. § 1915(c) and Fed.R.Civ.P. 4(c)(2)(B)(i). Such assistance, however, must explicitly be requested before court officers will be responsible for effecting service of process. Boudette v. Barnette, 923 F.2d 754, 757 (9th Cir.1991). Here, the record does not show that Jones ever requested service of process by a United States marshal
 
 
 [2]
 The district court properly noted that the only orders on file were the Magistrate's order granting leave to proceed IFP, and an order calendaring a mandatory status conference