5 F.3d 538
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Michael C. MEEKS, Plaintiff-Appellant,
v.
MAILROOM SUPERVISOR, Richard J. Donovan State Prison; Does
I Through X Inclusive; John Does, mailroom
employees; Jane Does, mailroom
employees, Defendants-Appellees.
 No. 92-55264.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 24, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael C. Meeks appeals pro se the district court's dismissal without prejudice of his 42 U.S.C. Sec. 1983 civil rights action for failure to prosecute. Meeks argues that the district court erred by dismissing his complaint without considering the factors articulated in Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir.1984), cert. denied, 470 U.S. 1007 (1985). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review a district court's order dismissing an action for failure to prosecute for an abuse of discretion. Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988). We affirm.
 
 
 3
 On July 17, 1991, Meeks filed a pro se civil rights complaint, alleging that his legal mail had not been properly forwarded to his new address and that he had missed several filings deadlines as a result. Meeks was proceeding in forma pauperis and was entitled to service of process by the United States Marshal. 28 U.S.C. Sec. 1915(c); see Order filed July 17, 1991. In a letter dated July 22, 1991, the district court advised Meeks that copies of the complaint with summons had been issued to the marshal for service, provided Meeks with blank USM 285 Forms, and directed Meeks to mail to the marshals office the completed forms advising them where to serve copies of the complaint.
 
 
 4
 We note that "[a]n IFP plaintiff must request that the marshal serve his complaint before the marshal will be responsible for such service." Boudette v. Barnette, 923 F.2d 754, 757 (9th Cir.1991) (plaintiff, who did not request service by the marshal, remained responsible for timely service). Meeks apparently gave the completed service forms to prison officials to mail to the marshal for service because the marshal attempted to serve the "Mailroom Supervisor." However, service was returned "because there was no identifiable employee at the Richard J. Donovan Correctional Center called the Mailroom Supervisor, and ... without a specifically named individual there was no one who could properly be served." See Order filed March 5, 1992 at 1-2. Because no proof of service was documented, the district court dismissed Meeks' action without prejudice for failure to prosecute.
 
 
 5
 In order to avoid dismissal, Meeks was required to show good cause for his failure to timely serve the defendants. See Fed.R.Civ.P. 4(j); Boudette, 923 F.2d at 755. Meeks maintains that the marshal was responsible for service of process and, despite his repeated requests, the marshal never provided him with proof of service or an explanation for the failure to serve. We agree with the district court that "[w]hile plaintiff is correct that a dismissal is improper where failure to serve is the fault of the U.S. Marshal, it appears in this case that service was attempted and could not be completed because the person named in the complaint could not be identified." See Order filed March 5, 1992 at 2. Because this case was dismissed without prejudice and Meeks may refile when he is able to specifically identify the intended defendant, we conclude that the district court's decision was not an abuse of discretion.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3