8 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eugene J. HUTCH, Plaintiff-Appellant,
v.
Gary KAPLAN, Defendant-Appellee.
 No. 93-15466.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1993.*
Decided Oct. 15, 1993.
 
 Before: BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eugene J. Hutch, a Hawaii state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 prisoner civil rights action for failure to serve process within 120 days of filing his complaint as required under Fed.R.Civ.P. 4(j). We have jurisdiction under 28 U.S.C. § 1291. We review the district court's dismissal under Rule 4(j) for an abuse of discretion, Puett v. Blanford, 921 F.2d 270, 273 (9th Cir.1990), and we affirm.
 
 
 3
 Hutch contends that he had good cause for failing to serve process within 120 days of filing his complaint because the district court did not rule on his in forma pauperis motion within that 120 day period.[1] We disagree. Dismissal without prejudice is mandatory under Rule 4(j) unless the plaintiff has demonstrated "good cause" or excusable neglect for his failure to serve within 120 days of filing the complaint, regardless of whether an in forma pauperis motion is pending. Fed.R.Civ.P. 4(j); Boudette v. Barnette, 923 F.2d 754, 755-56 (9th Cir.1991). The good cause exception applies only in limited circumstances, and inadvertent error or ignorance of governing rules alone will not excuse a failure to effect service of process. Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir.1992). Here, the record shows that Hutch did nothing whatsoever to effectuate service of his complaint filed July 1, 1991, even after in forma pauperis was denied on April 20, 1992. We agree with the magistrate judge that based on the court's delay in ruling on the in forma pauperis motion, Hutch could have filed a motion to extend the service period, but he did not do so. See Fed.R.Civ.P. 6(b). In fact, Hutch was silent between the April denial of in forma pauperis status and the district court's December 1992 order to show cause. Accordingly, the delay in ruling on his in forma pauperis motion does not under these circumstances constitute excusable neglect for his failure to serve his complaint in a timely manner, and the district court properly dismissed this action.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we may affirm on any grounds presented in the record, see Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), we need not address Hutch's contentions that the magistrate judge improperly denied his motion to proceed in forma pauperis and the district court improperly declined to review that order as untimely pursuant to Local Rule 404-3