60 F.3d 833
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Carl V. DUMLER, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent; Oregon State Prison; Margaret
Collatt, Health Services Manager at OSP; Judicial Department
of the State of Oregon; Richard D. Barber, Judge in Marion
County, Respondents-Appellees.
 No. 94-3600.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided June 30, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carl V. Dumler, an Oregon state prisoner, appeals pro se the district court's summary judgment in favor of defendant Maass in Dumler's 42 U.S.C. Sec. 1983 action alleging deliberate indifference to his serious medical needs. Dumler also appeals the district court's denial of his motions for recusal and for appointment of counsel. We have jurisdiction pursuant to 28 U.S.C. Secs. 1291 & 1292(b), and affirm.
 
 
 3
 * Service of Defendants
 
 
 4
 Dumler appears to contend that the district court erred by declining to consider his claims against additional defendants named in his amended complaint. This contention lacks merit.
 
 
 5
 "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 688 (9th Cir. 1988). In the case of an in forma pauperis plaintiff, the plaintiff is responsible for requesting service of the summons and complaint by court officers. Boudette v. Barnette, 923 F.2d 754, 757 (9th Cir. 1991). Although Dumler contends that he properly served all defendants by serving the Attorney General, there is no indication in the record that Dumler either served or requested service of the summons and complaint on the Attorney General or on any defendant except Maass. Accordingly, the district court did not err by only considering Dumler's claims against Maass. See id.
 
 II
 Summary Judgment
 
 6
 Dumler contends that the district court erred by granting summary judgment in favor of Maass on the basis that Maass was not responsible for Dumler's medical treatment. This contention lacks merit.
 
 
 7
 We review the grant of summary judgment de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994).
 
 
 8
 In support of his motion for summary judgment, Maass submitted an affidavit stating that he is not in charge of the medical treatment of prisoners like Dumler. Dumler did not present any evidence in opposition to Maass's motion for summary judgment. Accordingly, because Dumler failed to show that Maass participated in the alleged constitutional deprivation, see Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680 (9th Cir. 1984), the district court did not err by granting summary judgment, see id.
 
 III
 Recusal
 
 9
 Dumler contends that error occurred in the denial of his recusal motion. This contention lacks merit.
 
 
 10
 We review the district court's denial of a recusal motion for abuse of discretion. Evenstad v. United States, 978 F.2d 1154, 1158 (9th Cir. 1992). A judge is required to disqualify himself if his impartiality might reasonably be questioned or if he has a personal bias or prejudice against a party. See 28 U.S.C. Secs. 455(a) & (b)(1). Recusal is required only if bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceedings. Pau v. Yosemite Park & Curry Co., 928 F.2d 880, 885 (9th Cir. 1991).
 
 
 11
 Dumler argued in his recusal motion that Judge Hogan was biased because he was the magistrate judge who had recommended the dismissal of this case. On remand from this court, Judge Hogan, now a district court judge, was assigned to Dumler's case. Dumler also argued that Judge Hogan was biased against him when he denied Dumler appointment of counsel and issued an allegedly contradictory order. Dumler's allegations of bias stem solely from judicial rulings made in the course of the proceedings. See id. Accordingly, the district court did not abuse its discretion by denying Dumler's recusal motion. See id.
 
 IV
 Appointment of Counsel
 
 12
 Dumler contends that the district court erred by denying his motion for appointment of counsel. This contention lacks merit.
 
 
 13
 We review a district court's decision on a motion for appointment of counsel pursuant to 28 U.S.C. Sec. 1915(d) for an abuse of discretion. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).
 
 
 14
 Here, the district court denied Dumler's motion for appointment of counsel at the same time it ordered Dumler to file an amended complaint pursuant to an order of this court. Because Dumler's claims had little likelihood of success on the merits and because the legal issues involved were not complex, no exceptional circumstances warranted the appointment of counsel under section 1915(d). See Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990) (to decide whether exceptional circumstances exist, a court evaluates "the likelihood of success on the merits and the ability of the plaintiff to articulate his claims in light of their complexity"). Accordingly, the district court did not abuse its discretion by denying Dumler's motion for appointment of counsel. See id.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Dumler also contends that the district court improperly denied his motion for a temporary restraining order and a preliminary injunction. This court affirmed the district court's order denying Dumler's motion in Dumler v. Oregon State Prison, No. 93-35844, unpublished memorandum disposition (9th Cir. July 11, 1994)