**Gerald BOYDEN, Plaintiff–Appellant,**

v.

**Dennis O'SULLIVAN; et al.,**
**Defendants–Appellees.**

No. 01–56030.

D.C. No. CV–94–08438–JSL/AJW.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2003.*

Decided March 13, 2003.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Gerald Boyden appeals pro se the district court's order granting judgment as a matter of law pursuant to Fed.R.Civ.P. 50(a) in favor of defendants O'Sullivan and the City of Los Angeles in his 42 U.S.C. § 1983 action alleging a Fourth Amendment violation. Boyden also appeals the district court's May 14, 1997 order dismissing without prejudice seven defendants for failure to timely serve. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a judgment under Fed. R.Civ.P. 50(a). *Johnson v. Paradise Valley Unified Sch. Dist.,* 251 F.3d 1222, 1226 (9th Cir.2001). We review for abuse of discretion the dismissal of a complaint under Fed.R.Civ.P. 4(m). *Oyama v. Sheehan (In re Sheehan),* 253 F.3d 507, 511 (9th Cir.2001). We affirm.

Because Boyden testified that defendant O'Sullivan was not one of the officers involved in the alleged Fourth Amendment violation, the district court properly granted the Rule 50(a) motion in favor of defendant O'Sullivan. *See Wilson v. Good Humor Corp.* 757 F.2d 1293, 1300 (9th Cir. 1985) (holding directed verdict appropriate where plaintiff unable to identify defendant as individual who caused injury).

The district court also properly granted the Rule 50(a) motion in favor of defendant City of Los Angeles because Boyden failed

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

to present any evidence of a municipal policy or custom. *See Bd. of County Comm'rs v. Brown,* 520 U.S. 397, 403–04, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997).

Finally, the district court did not abuse its discretion in dismissing defendants Bancroft, Contreras, Williams, McWilliams, Pratt, Ramos, and Vialda for failure to effect timely service under Fed.R.Civ.P. 4(m) because Boyden, who was incarcerated until approximately January of 1997, failed to show good cause why he did not provide the United States Marshal with service information during the more than two years between the filing of the complaint and dismissal of the unserved defendants. *See Walker v. Sumner,* 14 F.3d 1415, 1422 (9th Cir.1994), *abrogated on other grounds by Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (dismissing in forma pauperis action where incarcerated plaintiff failed to demonstrate that he provided Marshal with sufficient information necessary for service). Moreover, after Boyden was released from prison, he failed to show good cause for his failure to serve the aforementioned defendants. *See Boudette v. Barnette,* 923 F.2d 754, 755 (9th Cir.1991) (requiring plaintiff to show good cause for failure to serve within 120 days).

Boyden's remaining contentions lack merit.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.