**NOT FOR PUBLICATION**

JUL 8 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MELVIN JOSEPH SIMMONS, Jr., | No. 07-16714 |
| Plaintiff - Appellant, | D.C. No. CV-06-05608-JW |
| v. | |
| M. S. EVANS; et al., | MEMORANDUM[*] |
| Defendant, | |

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Submitted June 15, 2011[**]

Before:    CANBY, O'SCANNLAIN and FISHER, Circuit Judges.

Melvin Joseph Simmons, Jr., a California state prisoner, appeals pro se from

the district court's judgment dismissing his 42 U.S.C. § 1983 action because he

failed to state a claim as to two defendants and failed to serve, or show cause for

non-service, as to a third. We have jurisdiction under 28 U.S.C. § 1291. We

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo a dismissal under 28 U.S.C. § 1915A(a) for failure to state a claim, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and for an abuse of discretion a dismissal for failure to effect service under Rule 4(m) of the Federal Rules of Civil Procedure, *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990). We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly dismissed Simmons's claim concerning the handling of his grievances because inmates have no protected due process rights in grievance procedures, *see Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (order), and Simmons failed to plead facts showing that any defendant acted with an intent to discriminate against him on the basis of his membership in a protected class, *see Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (plaintiff seeking to state claim for violation of equal protection must allege intent or purpose to discriminate based on membership in protected class).

The district court did not abuse its discretion in dismissing Simmons's action without prejudice under Rule 4(m) because Simmons did not serve Newton and failed to establish good cause for not having done so. *See* Fed. R. Civ. P. 4(m); *see also Boudette v. Barnette*, 923 F.2d 754, 755-56 (9th Cir. 1991) (holding that good cause means, at a minimum, excusable neglect).

Simmons's remaining contentions are unpersuasive.

2                                                          07-16714

**AFFIRMED.**