**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS ENRIQUE PLATAS-HERNANDEZ, AKA Mario Flores Nava, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 12-73590 <br><br> Agency No. A078-749-256 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 21, 2014[**]
Pasadena, California

Before: SCHROEDER, PREGERSON, and NGUYEN, Circuit Judges.

Luis Enrique Platas-Hernandez petitions for review of a Board of

Immigration Appeals (BIA) decision affirming the immigration judge's (IJ) denial

of his motion to reconsider the termination of his removal proceedings to allow

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reinstatement of a prior expedited removal order. Because this decision was not a final order, we lack jurisdiction over his petition. *See* 8 U.S.C. § 1252(b)(9); *Galindo-Romero v. Holder*, 640 F.3d 873, 877 (9th Cir. 2011).

We do have jurisdiction over the Department of Homeland Security's reinstatement of Platas-Hernandez's prior expedited removal order, which was effectuated on November 2, 2012. 8 U.S.C. § 1252(a)(1); *Ixcot v. Holder*, 646 F.3d 1202, 1206 (9th Cir. 2011) ("We have jurisdiction to review final agency orders of removal, including reinstatement orders . . . ."). Though it is unclear if Platas-Hernandez squarely challenges this final order, construing his petition to do so, we reject his claims on the merits. *See United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992) (citation omitted) (noting that we may review an issue not "specifically and distinctly argued" in an opening brief when it does not prejudice the opposing party). Applicants for nonpermanent resident cancellation of removal under INA § 240A(b)(1) are not protected from the reach of the reinstatement statute because the plain language of the statute bars those subject to reinstatement from "any relief." 8 U.S.C. § 1231(a)(5). Though there are limited exceptions to this bar, Platas-Hernandez does not argue that he falls within one of them. *Cf. Padilla v. Ashcroft*, 334 F.3d 921, 925 (9th Cir. 2003) (noting that "when Congress intended to exempt certain groups of aliens from the sweep of the reinstatement

2

statute, it knew how to do so").   Moreover, even assuming Platas-Hernandez is correct that the Violence Against Women Reauthorization Act of 2005 (VAWRA) extends some protection to certain aliens subject to reinstatement, he could not benefit from such protection because he is neither a T- or U-visa applicant nor an applicant for special rule cancellation of removal under INA § 240A(b)(2).  *See* Pub. L. No. 109-162, § 813(b)(2), 119 Stat. 3058 (Jan. 5, 2006).   "[W]hen a statute designates certain persons, things, or manners of operation, all omissions should be understood as exclusions.'"  *Silvers v. Sony Pictures Inc.*, 402 F.3d 881, 885 (9th Cir. 2005) (en banc) (quoting *Boudette v. Barnette*, 923 F.2d 754, 756-57 (9th Cir. 1991)).   Thus, his argument that INA § 240A(b)(1) cancellation applicants should be read in as beneficiaries of VAWRA by analogy must fail.

Platas-Hernandez raises a variety of other arguments, all of which we lack jurisdiction to consider.  *See Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1137 (9th Cir. 2008).

**PETITION DENIED IN PART, DISMISSED IN PART.**

*Platas-Hernandez v. Lynch*, No. 12-73590
PREGERSON, Circuit Judge, dissenting:

In 1997, Luis Enrique Platas-Hernandez came to the United States to escape gang violence in Mexico. He was 22 years old. He has lived in the United States for the past 18 years. He has built a life here. He enrolled in English classes, where he met Mercy, his partner and the mother of their two United States citizen sons, Luis (age 9) and Oswaldo (age 5). He works two jobs to support his family. Platas-Hernandez is an active and well-liked member of his community, a respected employee, and an excellent parent.

In December 1999, Platas-Hernandez traveled to Mexico to care for his ailing father. In October 2000, while returning to the United States, he was detained at the border and removed under an expedited removal process. That process did not provide for a hearing. Three days after being removed, Platas-Hernandez returned to the United States.

In January 2011, Immigration and Customs Enforcement took Platas-Hernandez into custody after he was arrested for driving under the influence. Platas-Hernandez applied for cancellation of removal under INA § 240A(b)(1) based on his ten years of continuous residency in the United States and hardship to his two United States citizen children. Despite the equities in this case, his application for cancellation of removal was not considered. Instead, the

government reinstated his prior 2000 order of removal under the reinstatement statute, 8 U.S.C. § 1231(a)(5). Once again, Platas-Hernandez was removed to Mexico without a hearing and without the opportunity to apply for relief.

Platas-Hernandez's case is yet another example of the cruelty and harshness of our immigration laws and the suffering inflicted on innocent family members and children. When a parent, such as Platas-Hernandez, is denied all relief from removal and is banished from the country, in many cases, his children will also suffer a form of banishment because there is a high probability that economic circumstances and strong family ties will compel the children to leave the country of their birth and join their parents in a hard environment. Should this come to pass, our country will be deprived of the talents of these children and they will be denied a productive future in the country of their birth. This de facto banishment also denies the children their constitutionally protected right to remain in the country of their birth with their family intact, in violation of due process. *See Moore v. City of E. Cleveland*, 431 U.S. 494, 503-05 (1977) (plurality opinion) ("Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this Nation's history and tradition."); *Stanley v. Illinois*, 405 U.S. 645, 651 (1972) ("The integrity of the family unit has found protection in the Due Process Clause of the

2

Fourteenth Amendment").

I decline to be a party to such an unkind result. Therefore, I respectfully dissent.