MEMORANDUM **
Luis Enrique Platas-Hernandez petitions for review of a Board of Immigration Appeals (BIA) decision affirming the immigration judge’s (IJ) denial of his motion to reconsider the termination of his removal proceedings to allow reinstatement of a prior expedited removal order. Because this decision was not a final order, we lack jurisdiction over his petition. See 8 U.S.C. § 1252(b)(9); Galindo-Romero v. Holder, 640 F.3d 873, 877 (9th Cir.2011).
We do have jurisdiction over the Department of Homeland Security’s reinstatement of Platas-Hérnandez’s prior expedited removal order, which was effectuated on November 2, 2012. 8 U.S.C. § 1252(a)(1); Ixcot v. Holder, 646 F.3d 1202, 1206 (9th Cir.2011) (“We have jurisdiction to review final agency orders of removal, including reinstatement orders .... ”). Though it is unclear if Platas-Hernandez squarely challenges this final order, construing his petition to do so, we reject his claims on the merits. See United States v. Ullah, 976 F.2d 509, 514 (9th Cir.1992) (citation omitted) (noting that we may review an issue not “specifically and distinctly argued” in an opening brief when it does not prejudice the opposing party). Applicants for nonpermanent resident cancellation of removal under INA § 240A(b)(1) are not protected from the reach of the reinstatement statute because the plain language of the statute bars those subject to reinstatement from “any relief.” 8 U.S.C. § 1231(a)(5). Though there are limited exceptions to this bar, Platas-Hernandez does not argue that he falls within one of them. Cf. Padilla v. Ashcroft, 334 F.3d 921, 925 (9th Cir.2003) (noting that “when Congress intended to exempt certain groups of aliens from the sweep of the reinstatement statute, it knew how to do so”). Moreover, even assuming Platas-Hernandez is correct that the Violence Against Women Reauthorization Act of 2005 (VAWRA) extends some protection to certain aliens subject to rein *406 statement, he could not benefit from such protection because he is neither a T- or U-visa applicant nor an applicant for special rule cancellation of removal under INA § 240A(b)(2). See Pub.L. No. 109-162, § 813(b)(2), 119 Stat. 3058 (Jan. 5, 2006). “[W]hen a statute designates certain persons, things, or manners of operation, all omissions should be understood as exclusions.’ ” Silvers v. Sony Pictures Inc., 402 F.3d 881, 885 (9th Cir.2005) (en banc) (quoting Boudette v. Barnette, 923 F.2d 754, 756-57 (9th Cir.1991)). Thus, his argument that INA § 240A(b)(l) cancellation applicants should be read in as beneficiaries of VAWRA by analogy must fail.
Platas-Hernandez raises a variety of other arguments, all of which we lack jurisdiction to consider. See Garcia de Rin-con v. Dep’t of Homeland Sec., 539 F.3d 1133, 1137 (9th Cir.2008).
PETITION DENIED IN PART, DISMISSED IN PART.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.