NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BORIS SWEREW, | No. 20-70717 |
| Petitioner, | Agency No. A007-406-316 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 8, 2021[**]
San Francisco, California

Before: GRABER and LEE, Circuit Judges, and VRATIL,[***] District Judge.

Petitioner Boris Swerew seeks review of a decision by the Board of

Immigration Appeals ("BIA"), which affirmed the immigration judge's ("IJ")

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

decision that he was removable and ineligible for withholding of removal or deferral under regulations implementing the Convention Against Torture ("CAT"). See 8 C.F.R. § 1208.13(c)(1). We deny the petition.

1. The BIA correctly determined that Petitioner is not a national of the United States and did not err in failing to terminate deportation proceedings on that ground.

We review de novo any issues of law arising from a claim of nationality. Hughes v. Ashcroft, 255 F.3d 752, 755 (9th Cir. 2001); Reyes-Alcaraz v. Ashcroft, 363 F.3d 937, 939 (9th Cir. 2004). As defined in 8 U.S.C. § 1101(a)(3), an "alien" is "any person not a citizen or national of the United States." The term "national of the United States" means (1) "a citizen of the United States or" (2) "a person who, though not a citizen of the United States, owes permanent allegiance to the United States." See 8 U.S.C. § 1101(a)(22).

Even if Petitioner had connections sufficient to establish nationality under international principles and findings of the International Court of Justice, his claim for nationality must fail under the law of the United States. We have held that, under 8 U.S.C. § 1481(a), birth and naturalization are the "only ways in which a person can attain the status of a national." Perdomo-Padilla v. Ashcroft, 333 F.3d 964, 970 (9th Cir. 2003). Further, under 8 U.S.C. § 1408, four categories of persons are classified as nationals but not citizens, and all such categories relate to birth in an outlying possession of the United States. The nationality statute does not specifically

address stateless children or children who are born in territories that the United States later acquires. See 8 U.S.C. § 1408. Under traditional principles of statutory interpretation, the fact that § 1408 defines explicit categories of persons as nationals creates a presumption that all other categories should be understood as exclusions. Perdomo-Padilla, 333 F.3d at 969–70 (citing Boudette v. Barnette, 923 F.2d 754, 756–57 (9th Cir. 1991)). Even if Petitioner is similarly situated to children in acquired territories, the statute includes only the categories of persons specifically referenced, not those similarly situated.

Because Petitioner was never naturalized and is not American by birth, the BIA did not err.

2. The BIA did not abuse its discretion in concluding that Petitioner committed a particularly serious crime, making him ineligible for withholding of removal. 8 U.S.C. § 1231(b)(3)(B)(ii); see Arbid v. Holder, 700 F.3d 379, 383 (9th Cir. 2012) (per curiam) (setting forth standard of review).

In 1980, Congress amended the Immigration and Nationality Act to bar withholding of removal for an alien who "having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community." 8 U.S.C. § 1231(b)(3)(B)(ii). In 1996, Congress determined that an alien who has been convicted of an aggravated felony for which the alien was sentenced to an aggregate term of imprisonment of five years or more is considered to have committed a

3

particularly serious crime. See 8 U.S.C. § 1231(b)(3)(B). For other convictions, the BIA must conduct a "case-by-case analysis," Blandino-Medina v. Holder, 712 F.3d 1338, 1345 (9th Cir. 2013), and take into consideration all reliable, relevant information, including defendant's mental condition at the time of the crime, see Gomez-Sanchez v. Sessions, 892 F.3d 985, 996 (9th Cir. 2018) (holding that "an individual's mental health could be relevant to the determination of whether a crime is particularly serious").

Petitioner argues that the BIA improperly applied the "particularly serious crime bar" because the statute was enacted in 1980 and his conviction occurred in 1976. Alternatively, Petitioner argues that, if the "particularly serious crime bar" applies, the BIA failed to consider adequately his mental health at the time of his crimes as a mitigating factor. Petitioner's argument is unpersuasive because the BIA did not withhold removal based on the "particularly serious crime bar," which Congress enacted in 1980. In withholding removal, the BIA cited the correct statute, *former* 8 U.S.C. § 1253(h)(2)(B), and applied the correct factors in considering whether Petitioner's crime was particularly serious. Petitioner does not contend that he would have been eligible for relief under a prior statute.

Further, although the BIA may not have considered Petitioner's mental health to the extent or in the manner he would have liked, its decision did address his mental health. At the hearing before the IJ, Petitioner testified about his diagnosis as a

"mentally disordered sex offender," presented evidence of his mental health, and presented testimony from a licensed psychologist. The IJ considered the evidence related to Petitioner's mental health, and the BIA affirmed the IJ's conclusion, noting "the grave nature of [petitioner's] offenses, which continue to have an emotional and psychological impact on [Petitioner's] victims." We discern no abuse of discretion, and we therefore lack jurisdiction to reweigh the factual evidence and come to a different conclusion. 8 U.S.C. § 1252(a)(2)(C).

3. On the merits, the BIA did not err in withholding removal, and we therefore lack jurisdiction to review whether Petitioner submitted evidence sufficient to establish a clear probability that he will face persecution if returned to Germany.

An alien may not be removed to a given country if the alien's life or freedom there would be threatened on account of his "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3). An alien must show a "clear probability" of persecution, which is met by showing that more likely than not, the alien will be persecuted. Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir. 1995).

Petitioner argues that he submitted evidence sufficient to establish a clear probability that, as a recently deported foreign individual and sex offender, he will face persecution if deported to Germany. Petitioner asserts that conservative Germans commit violence against perceived foreigners, and the German government

5

has a history of mistreating sex offenders.

As noted, the BIA did not err in finding that Petitioner had committed a particularly serious crime; accordingly, he is statutorily barred from withholding. We therefore lack jurisdiction to review the BIA's factual determination that Petitioner did not establish a clear probability of persecution if removed to Germany. 8 U.S.C. §§ 1252(a)(2)(C)–(D).

4. Substantial evidence supports the BIA's determination that Petitioner did not establish that it is more likely than not that he will face torture if returned to Germany. See Cole v. Holder, 659 F.3d 762, 770 (9th Cir. 2011) (stating standard of review).

For withholding of removal under CAT, Petitioner has the burden "to establish that it is more likely than not" that he will be tortured if removed to the proposed country of removal. 8 C.F.R. § 208.16(c)(2). Torture is an "extreme form of cruel and inhuman treatment" that must be "intended to inflict severe physical or mental pain or suffering." 8 C.F.R. § 208.18(a)(2), (5). A petitioner must demonstrate that the torture would be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." Garcia-Milian v. Holder, 755 F.3d 1026, 1033 (9th Cir. 2014) (internal quotation marks omitted); 8 C.F.R. § 208.18(a)(1).

Because Petitioner has not met his burden of proof for persecution, he cannot meet his burden of proof for torture. See Nuru v. Gonzales, 404 F.3d 1207, 1224 (9th Cir. 2005) ("[T]orture is more severe than persecution."). Because the record does not compel a contrary result, INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992), we must uphold the BIA's finding that Petitioner did not show that it is more likely than not he will face torture if returned to Germany.

**PETITION FOR REVIEW DENIED.**