**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANDREA CLAIRE WOOD; TAYLOR
PACKWOOD,

Plaintiffs-Appellants,

v.

COUNTY OF CONTRA COSTA; MARY P.
CAREY,

Defendants-Appellees.

No. 21-16183

D.C. No. 3:21-cv-00611-MMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted August 17, 2022[**]

Before:     S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Andrea Claire Wood and Taylor Packwood appeal pro se from the district

court's judgment dismissing their action alleging federal and state law claims

stemming from the placement of Wood's children into foster care.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed plaintiffs' claims against defendant Carey because an attorney is not a state actor under § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must . . . show that the alleged deprivation was committed by a person acting under color of state law."); *Polk County v. Dodson*, 454 U.S. 312, 317-19 (1981) (a private attorney or a public defender does not act under color of state law within the meaning of § 1983).

The district court did not abuse its discretion by dismissing plaintiffs' claims against the remaining defendants due to defects in service of process. *See* Fed. R. Civ. P. 4(c) and (e) (service of process requirements); *In re Sheehan*, 253 F.3d 507, 511 (9th Cir. 2001) (standard of review); *Boudette v. Barnette*, 923 F.2d 754, 755 (9th Cir. 1991) (an action must be dismissed if proper service is not accomplished within 120 days after the complaint is filed pursuant to Fed. R. Civ. P. 4(m)); *Carter v. Comm'r*, 784 F.2d 1006, 1008 (9th Cir. 1986) (pro se litigants must comply with court rules).

The district court did not abuse its discretion in declaring Wood to be a vexatious litigant and issuing a pre-filing order against her. *See Ringgold-Lockhart*

*v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (requirements for issuing a vexatious litigant order); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056 (9th Cir. 2007) (standard of review).

All pending motions and requests are denied.

**AFFIRMED.**