103 F.3d 137
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Milton BROWN, Petitioner-Appellant,
v.
UNITED STATES of America; J.D. Swinson, Warden; A.
Mitchell, Respondents-Appellees.
 No. 95-56804.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 05, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Milton Brown, a federal prisoner, appeals pro se both the district court's dismissal for lack of prosecution and the district court's denial of his motion for reconsideration. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We review for an abuse of discretion both the dismissal and the denial of the motion for reconsideration. Sheet Metal Workers' Int'l Ass'n Local Union, No. 359 v. Madison Indus., Inc., 84 F.3d 1186, 1192 (9th Cir.1996) (motion for reconsideration); Morris v. Morgan Stanley & Co., 942 F.2d 648, 650 (9th Cir.1991) (dismissal for lack of prosecution).
 
 
 3
 Under Fed.R.Civ.P. 4(m), "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice" if the plaintiff has failed to serve the summons and complaint upon a defendant within 120 days after the filing of the complaint. See Fed.R.Civ.P. 4(m). A district court may also dismiss an action for lack of prosecution where the plaintiff has failed to serve the summons and complaint within 120 days. See Anderson v. Air West, Inc., 542 F.2d 522, 525 (9th Cir.1976). Here, the district court, after issuing several orders to show cause why Brown's complaint should not be dismissed, dismissed Brown's action without prejudice for failure to serve the defendants within 120 days of the filing of the complaint.
 
 
 4
 On April 1, 1994, Brown filed his complaint alleging that federal prison officials were deliberately indifferent to his safety. On September 7, 1994, the district court granted Brown's motion to dismiss all named defendants and substitute the United States as the sole defendant. It was not until March 9, 1995, however, that Brown properly served the United States pursuant to Fed.R.Civ.P. 4(i)(1). Accordingly, Brown failed to serve the defendant within 120 days after the filing of his complaint.
 
 
 5
 "In order to avoid dismissal for failure to serve the complaint and summons within 120 days after filing ..., a plaintiff must show 'good cause.' " Boudette v. Barnette, 923 F.2d 754, 755 (9th Cir.1991). Here, Brown's sole reason for failing to serve the defendant was his lack of understanding of the requirements of Fed.R.Civ.P. 4(i)(1). "[I]gnorance of governing rules alone will not excuse a litigant's failure to effect timely service." Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir.1992); see also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").[2]
 
 
 6
 Accordingly, we conclude that the district court did not err by dismissing Brown's action without prejudice and denying Brown's motion for reconsideration.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Defendants contend that Brown's notice of appeal was not filed timely. Because the district court never entered a separate judgment on its order to dismiss, the time to for Brown to file his notice of appeal never began to run. See Fed.R.App.P. 4(a)(1); Vernon v. Heckler, 811 F.2d 1274, 1276 (9th Cir.1987). Accordingly, Brown's notice of appeal is not untimely. Because the district court's order to dismiss clearly intended to dispose of the entire action, however, the order is a final judgment allowing us to exercise jurisdiction under 28 U.S.C. § 1291. See id
 
 
 [2]
 Because Brown never requested that the marshals serve his complaint, he "remained responsible for timely service." Boudette, 923 F.2d at 757